**ORIGINAL**

① ORIG
8/16/00 EMERG

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

*************************************  )
Osama Allan,                           )
    Petitioner                         ) 1:CV-00-1460
                                       )
    v.                                 ) Case No. _____
                                       )
Janet Reno, U.S. Attorney General,     )
Charles Zemski, Acting District Director, )
U.S. Immigration and Naturalization Service, )
Philadelphia District.                 )
    Respondents                        )

FILED
HARRISBURG, PA
AUG 1 4 2000
MARY E. D'ANDREA, CLERK
Per _____

**PLAINTIFF'S ORIGINAL APPLICATION FOR
WRIT OF HABEAS CORPUS, COMPLAINT
FOR DECLARATORY AND INJUNCTIVE
RELIEF, AND FOR TEMPORARY
RESTRAINING ORDER**

COMES NOW Osama Allan, Petitioner in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1. This is an action to challenge the unlawful order of removal and deportation entered against Petitioner by the Respondents in violation of the Immigration and Nationality Act, implementing regulations, and the United States Constitution.

**PARTIES**

2. Petitioner is a 35 year old male native of Palestine and stateless individual. Petitioner was admitted to the United States as an immigrant on or about May 20, 1991 through New York, New York. For reasons explained below, Petitioner was placed into removal proceedings on or about September 24, 1997. Petitioner requested permission to file applications for asylum, and withholding of removal. Petitioner's applications were

1

denied by the immigration judge on or about August 4, 1999. The decision of the immigration judge was affirmed by the Board of Immigration Appeals (hereinafter, BIA). The BIA construed the Petitioner's application of record as an application for protection under the UN Convention Against Torture (hereinafter, CAT) and denied that application as well. Petitioner is now the subject of an administratively final order of exclusion and deportation entered by the BIA on March 30, 2000. Petitioner remains housed at Allenwood Correctional Facility as per agreement with the Respondent. Petitioner remains in Respondent's custody pursuant to a detainer that has been placed upon the Petitioner due to his pending removal from the United States.

3. Defendant Janet Reno is Attorney General of the United States, and this action is brought against her in her official capacity. She is generally charged with enforcement of the Immigration and Nationality Act (INA), and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 USC § 1103(a). More specifically, the Attorney General is responsible for adjudicating applications for asylum, withholding of removal and protection under the UN Convention Against Torture. This Respondent is also responsible for the apprehension and detention of aliens alleged to be unlawfully present in this country and the conduct of proceedings to compel their expulsion. The INS, BIA and Office of the Immigration Judge are all agencies within the Department of Justice to whom the Attorney General's authority has in part been delegated, and are subject to the Attorney General's supervision.

4. Defendant District Director is an official of the INS generally charged with supervisory authority over all operations of the INS within his/her District with certain specific exceptions not relevant here. 8 CFR § 103.1(g)(2)(ii). The Allenwood Correctional

2

Facility, located in White Deer, Pennsylvania falls within the jurisdiction of the INS District located in Philadelphia, Pennsylvania. 8 CFR § 100.4(b)(4).

## JURISDICTION

5. Jurisdiction in this case is proper under 28 USC § 2241(c), in that Petitioner is in the Respondent's custody under or by color of the authority of the United States, and in violation of the Constitution or laws of the United States, as more fully set forth below.

6. In the alternative, jurisdiction is conferred by the United States Constitution which mandates the availability of habeas corpus review and, except in desperate national circumstances not anticipated herein, prohibits its suspension. U.S. CONST. art. I, § 9, cl. 2.

7. Jurisdiction is also conferred by 28 USC § 1331, in that this is a civil action arising under the Constitution and laws of the United States.

8. Authority to grant the requested injunctive relief in cases otherwise within the court's jurisdiction is conferred by 28 USC § 2201(a).

## VENUE

9. Venue is proper in this court, pursuant to 28 USC § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Respondent resides and where a substantial part of the events or omissions giving rise to Petitioner's claim occurred. More specifically, Petitioner's immigration proceedings were held in this judicial district. Petitioner's removal hearing was conducted before an Immigration Judge in White Deer, Pennsylvania and Petitioner is detained pursuant to Respondents' detainer.

## EXHAUSTION OF REMEDIES

10. Petitioner has exhausted his administrative remedies. His appeal to the BIA has been dismissed. Petitioner has a final administrative order of removal pending against him. Petitioner has no other administrative remedies available.

4

## CAUSE OF ACTION

11. On or about May 21, 1997, Petitioner was convicted of several offenses involving copyright infringement, conspiracy, money laundering, trafficking in counterfeit labels and related offenses. It is not apparent based upon the record available to Counsel the length of the sentence imposed as a result of the Petitioner's conviction. The Respondent filed a Notice To Appear against the Petitioner on or about September 24, 1997 charging that the Petitioner was deportable and removable due to his criminal conviction. On or about August 4, 1999, the immigration judge determined that the Petitioner was deportable for the criminal offense alleged by the Respondent. The immigration judge, however, permitted the Petitioner to state his claim for asylum, withholding of removal.

12. After a hearing at which the Petitioner appeared pro-se, the immigration judge pre-termitted the Petitioner's application for asylum, finding the Petitioner ineligible for asylum due to his conviction for an aggravated felony as defined and outlined by INA section 237(a)(2)(A)(iii)[ 8 USC Section 1227(a)(2)(A)(iii)]. The immigration judge did, however, permit the Petitioner to apply for withholding of removal, finding that the Petitioner's offenses did not qualify as particularly serious crimes as the Petitioner had not been sentenced in excess of 5 years upon sentencing.

13. Upon consideration of the Petitioner's credible testimony, as determined by the immigration judge, and the evidence of record, it was determined that the Petitioner had not established his eligibility for withholding of removal as he had not established that it was more likely than not that the Petitioner would be persecuted upon removal. The immigration judge also determined that the Petitioner had not established that he had suffered past persecution.

5

14. The Petitioner filed a timely appeal of the decision of the immigration judge to the BIA. The BIA dismissed the Petitioner's Appeal, finding that although it upheld the favorable credibility determination of the immigration judge, it did not believe that the Petitioner's past experiences in Palestine/Israel constituted persecution and it supported the determination of the immigration judge that the Petitioner did not establish that it was more likely than not that he would be persecuted upon return to Palestine/Israel. Further, the Board determined that the Petitioner was not eligible for protection under CAT because he had not established that he would be tortured upon removal/deportation.

15. Petitioner asserts that the Board failed to provide Petitioner due process as it failed to consider his assertion that his feared persecution/torture would occur on account of his social group status, religion, nationality, race, and political opinion. The Petitioner as a Palestinian being deported to Israeli territory asserts that he is more likely than not to be subjected to persecution and torture. Rather, the Board focused its attention to the Petitioner's past persecution claim, finding that Petitioner's past experiences in Israel were minor and were unlikely to "occur again". [See BIA decision at page 2]

In rendering that decision, the BIA ignored substantial evidence of record that showed that, as stated by the immigration judge, : "The US Department of State Country Report of Human Rights Practices for the Occurpied Territiories, 1999, does paint a violent picture of the strife that has been ongoing between the Palestinians and the Israeli military that is occupying the West Bank. The Country Report indicates that the Israeli security forces in the West Bank have committed human rights abuses…Further, Israeli authorities arbitrarily arrest and detain persons" [See, written decision of the immigration judge at page 7].

6

There is no evidence from the record that the BIA considered the background evidence of record when denying Petitioner's claim. It is error for the BIA to make an adverse determination regarding an asylum claim while considering the asserted facts in a vacuum. The Petitioner's asserted facts must be considered in light of the available background evidence. The BIA did not do that and as a result, denied Petitioner his right to due process. The BIA is obligated to meaningfully address and actually consider all relevant factors raised in a claim. *Diaz-Resendez v. INS*, 960 F.2d 493, 497 (5th Cir. 1992)

16. Further, although the BIA cited *Matter of S-P-*, 21 I & N Dec.486 (BIA 1996), it applied the law of that case incorrectly. *S-P-* stands for the proposition that where it is possible that a persecutor will persecute an alien on account of grounds that are protected, such as race, or religion and upon grounds that are not , such as a personal feud, etc., the fact that the persecutor is, in part, motivated to harm the alien for reasons for which the alien can not receive protection, does not prevent a grant of protection where the motive to harm for the protected grounds is established. The Board stated: "Coming on the heels of a physical altercation between the police and villagers, we find no evidence that this incident was motivated by a statutorily protected ground." [See, BIA decision at page 2]. The BIA only conducted half the inquiry necessary to assess Petitioner's claim of persecution appropriately.

The BIA failed to ask whether the noted altercation was based upon the Petitioner's race, religion, social group, nationality or political opinion. The Petitioner and his fellow villagers were all Moslem, Palestinian and opposed to Israeli occupation. The government forces were all Jewish, Israeli and opposed to an independent Palestine. The BIA decision makes no attempt to explore whether the government forces were, at least in part, motivated to harm Petitioner on

7

account of his race, religion, nationality, social group and political opinion as Petitioner asserts. Such an analysis is central to the proper adjudication of the Petitioner's withholding claim.

Similarly, the Board rendered a cursory determination regarding the Petitioner's claims arising under the UN Convention Against Torture. Although the application for protection under CAT is filed on the same application as is a request for withholding of removal, the eligibility requirements are different. To be successful under CAT, an alien is required to establish that it is more likely than not that he will be tortured at the hands of government officials while in government custody. The alien is not required to establish that the torture will occur on "account of" some specified ground, such as race, nationality, social group, political opinion or religion.

The Board gives no basis for its conclusory statement that: "...We, likewise, reject the Respondent's assertions that he is entitled to deferral of removal pursuant to Article 3 of the Torture Convention. See 8 CFR Section 208.16( c )(4)." Conclusory determinations made by the Board are subject to reversal. *Accord Butros v. INS*, 804 F. Supp. 1336, 1339 (D. Ore. 1991)

Inasmuch as the eligibility requirements/standards for withholding and CAT are different, the a CAT claim can not be denied for the same reasons that a withholding claim is denied. The BIA may only summarily affirm an immigration judge's decision where the immigration judge's decision contains sufficient evidence and reasoning to permit review by a federal court. *Chen v. INS*, 87 F.3d 5 (1st. Cir. 1996) The immigration judge gave no specific basis for his denial of the CAT claim, nor did he note the distinctions between a CAT claim and an asylum claim. Where the BIA chooses to summarily affirm, it is to be charged with the same errors found in the decision upon which it summarily relied. *Agnoucheva v. INS*, 106 F.3d 781, 789 (7th Cir. 1997) The Board, thus, erred in summarily dismissing Petitioner's claim under CAT. Further, the review

8

process employed by the Board was fundamentally unfair and violated the Petitioner's right to due process.

### REQUEST FOR
### TEMPORARY RESTRAINING ORDER

17. Petitioner's deportation is imminent, and may be accomplished at any time absent intervention of this Court. If Petitioner is deported, and the findings of the Immigration Judge and BIA concerning his eligibility for withholding of removal and CAT are left intact, Petitioner will be will be subject to possible torture and persecution. .

18. Petitioner has no adequate remedy under law. Indeed, it is to preserve his remedies under law that the instant action is filed. As noted above, Petitioner has exhausted his administrative remedies.

### PRAYER

19. WHEREFORE, in view of the arguments and authority noted herein and in the attached Memorandum, Petitioner respectfully prays that the Respondents be cited to appear herein and that, upon due consideration, the Court enter an order:

   (a) enjoining the Respondents from deporting Petitioner until the merits of the instant action may be decided;

   (b) enjoining the Respondents from transferring Petitioner from the jurisdiction of this court;

(c) ordering Respondent to reopen Petitioner's administrative proceedings for proper consideration of his application under CAT and withholding of removal.

(d) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

Sandra Greene, Esquire
140 Roosevelt Avenue, Suite 202
York, PA 17404
(717) 812-9080

**VERIFICATION**

    I, Sandra Greene, Esquire, Counsel of record for Osama Allan, Petitioner in the instant case, hereby verify that I have read the foregoing Petition, that the information contained therein and in the attached Memorandum is true and correct to the best of my personal knowledge and/or information and belief after reasonable inquiry, and that the requested injunctive relief is warranted to prevent irreparable injury to Plaintiff. I am also aware that the foregoing is made subject to the relevant penalties for perjury.

Sincerely,

Sandra Greene, Esquire
140 Roosevelt Avenue, Suite 202
York, PA 17404
(717) 812-9080

11

**CERTIFICATE OF SERVICE**

Petitioner has served this document upon the Respondent and the US Attorney by express mail on August 12, 2000 at:

Charles Zemski, Acting District Director
US INS
1600 Callowhill Street, 6th Floor
Philadelphia, PA 19130

Mary Catherine Frye, Chief, Civil Division
US Attorney's Office
2nd Floor
228 Walnut Street
Harrisburg, PA 17108

Respectfully,

Sandra Greene, Esquire
140 Roosevelt Ave., #202
York, PA 17404
(717) 812-9080
(717) 843-0417 (FAX)

9