**ORIGINAL**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ******************************* <br> Osama Allan, <br>     Petitioner <br><br> v. <br><br> Janet Reno, U.S. Attorney General, <br> Charles Zemski, Acting District Director, <br> U.S. Immigration and Naturalization Service, <br> Philadelphia District. <br>     Respondents | 1:CV-00-1460 <br><br> Case No. _____ <br><br> **FILED** <br> HARRISBURG, PA <br><br> AUG 1 4 2000 <br><br> MARY E. D'ANDREA, CLERK <br> Per _____ |

**PLAINTIFF'S**
**Petitioner's Memorandum**

    Petitioner hereby submits this memorandum in support of Petitioner's petition for habeas corpus and complaint for injunctive relief and temporary restraining order. Petitioner is Osama Allan, a native of Palsestine and currently stateless individual, has asked this court to stay his removal and review the final order of removal entered by the Board of Immigration Appeals on March 30, 2000. The basis for Petitioner's action is his assertion that the Board erred as a matter of law in denying his request for withholding of removal and protection under the UN Convention Against Torture, failed to provide him appellate review that was fundamentally fair and deprived Petitioner of his right to due process. Petitioner further asserts that he is subject to immediate removal to Israel, a nation to which he fears return due to his belief that he will be tortured and or persecuted by the government.

1

1.  **Applicable Law (Habeas Jurisdiction).**

Plaintiff has cited 28 USC § 2241(c) as the statute authorizing habeas corpus relief in this case. In the alternative, Plaintiff has cited as jurisdictional authority "the United States Constitution which mandates the availability of habeas corpus review and, except in desperate national circumstances not anticipated herein, prohibits its suspension. U.S. CONST. art. I, § 9, cl. 2." The reason for this alternative pleading is that, while some means of judicial review of removal orders appears undisputed especially when constitutional claims are involved, the precise mechanism of that review is very much in dispute. In this judicial circuit, however, the jurisdiction of this court to consider this action is plain. The US Court of Appeals for the Third Circuit, in *Catney v. INS*, 178 F.3d 190 (3rd Cir. 1999) determined that an alien removable on the basis of a criminal conviction must seek review of an order of removal through the District Courts in a habeas action rather than a petition for review to the Court of Appeals. The Petitioner has been ordered removed pursuant to Respondent's allegation that he was convicted of an aggravated felony and its charge that such an offense renders the Petitioner removable.

Since AEDPA repealed former INA § 106, and IIRAIRA has not provided jurisdiction for judicial review in cases like Petitioner's, we are left with the judicial review mechanism that existed prior to INA § 106, that has always existed so long as this Republic has been a Republic, and that cannot be constitutionally suspended: habeas corpus. *Heikkila v. Barber*, 345 U.S. 229, 235 (1953). One question that remains is, "What form of habeas corpus?" In other words, is 28 USC § 2241(c) still the appropriate jurisdictional statute, or is there some other form of "constitutional" writ that applies here.

Petitioner believes that 28 USC § 2241(c) is the appropriate jurisdictional statute absent explicit repeal by Congress. The US Court of Appeals has taken a position in support of

2

Petitioner's view. [See, *Catney*] There are many District Courts and two Courts of Appeals that share this view. *Goncalves v. Reno*, 144 F3d 110 (1st Cir, 1998); *Henderson v. INS*, 157 F3d 106 (2nd Cir. 1998); *Yesil v. Reno*, 958 F. Supp. 828 (S.D.N.Y. 1997); *Mbiya v. INS*, 930 F. Supp. 609 (N.D. Ga. 1996); *Powell v. Jennifer*, 937 F. Supp. 1245 (E.D. Mich. 1996). However, there are also Courts of Appeals that have held that § 2241 no longer exists as grounds for review of deportation orders and that there can only be review through the "constitutional writ, unaided by statute." *Yang v. INS*, 109 F3d 1185, 1195 (7th Cir. 1997). *See also, Richardson v. Reno*, 162 F3d 1338 (11th Cir. 1998); *Ramalo v. Reno*, 114 F3d 1210 (DC Cir. 1997). Other courts have assumed that habeas corpus jurisdiction still exists in the District Courts, without explicating the details. *Williams v. INS*, 114 F3d 82 (5th Cir. 1997); *Nguyen v. INS*, 117 F3d 206 (5th Cir. 1997).

Despite the disagreement on this issue in other Circuits, there is no disagreement in this judicial circuit and Petitioner's action should be adjudicated by this court. Accordingly, as asserted in Plaintiff's Original Complaint, Plaintiff believes that jurisdiction in this Court is proper under 28 USC § 2241(c). In the alternative, all specific grants of jurisdiction having otherwise been eliminated by AEDPA and/or IIRAIRA, Plaintiff believes that jurisdiction is granted by the Suspension Clause for this Court to consider the writ of habeas corpus preserved by that Clause.

## 2. Withholding of Removal and Protection Under the UN Convention Against Torture (CAT)

An applicant for withholding of removal must establish that it is more likely than not that he or she will suffer persecution upon deportation to the country of removal on account of his/her race, religion, nationality, social group or political opinion. *INS v. Stevic*, 467 US 407 (1984) An alien seeking protection under CAT must establish that it is more likely than not that he or she will

3

be tortured, as that term is defined at 8 CFR section 208.18 (a)(1), by officials of the country to which he will be deported while in governmental custody or in its physical control.

Petitioner asserts that he will be persecuted upon return to Israel, due to his race [Petitioner is Arab], his Moslem religion, his stateless nationality, his status as a Palestinian and his political opinion in opposition to Israeli occupation of territory formerly known as Palestine. The Petitioner also asserts that he suffered past persecution on those grounds. The BIA affirmed the decision of the immigration judge denying Petitioner's application for withholding. In doing so, the BIA failed to consider relevant and material evidence in direct support of the Petitioner's claim of persecution as well as in support of Petitioner's asserted fear of persecution. Specifically, the BIA failed to address the content of the 1999 Report from the US Department of State on Human Rights conditions in Israel. The report gives ample support for Petitioner's contention that it is more likely than not that Petitioner will be persecuted upon return to Israel on account of his race, religion, nationality, political opinion and social group status. The BIA made no attempt to explain why it believed that Petitioner had no reason to fear persecution on the basis of race, religion, nationality, social group or political opinion. Rather, the BIA merely asserted that what happened to the Petitioner in the past was not persecution. The BIA is obligated to meaningfully address and actually consider all facts and evidence presented in connection to a claim. *Diaz-Resendez v. INS*, 960 F.2d 493 (5th Cir. 1992)

The BIA erroneously focused on the extent of the harm to be faced by the Petitioner rather than on the ***cause*** of the harm experienced by him. Consideration of a claim of persecution requires examination of the ***persecutor's*** view of the applicant's status and actions. Further, there is no requirement that an applicant die or be grievously harmed in order to obtain withholding of removal. An applicant is merely required to establish that he has been persecuted. Persecution is

4

not only defined in terms of actual injury, but is also defined in terms of the "threat of harm". [ See *Matter of Acosta*, 19 I & N Dec. 211 (BIA 1985). Persecution means a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive.] Thus, the BIA's dismissal of the Petitioner's appeal because the harm he experienced was not more severe was in error.

Similarly, establishment of eligibility for protection under CAT requires the BIA to actually consider and meaningfully address the claim. The BIA cited no reasons for its denial of the Petitioner's CAT claim, rather, it merely affirmed the immigration judge's determination. Unfortunately, however, the immigration did not explain the basis for the denial of the CAT claim, he merely stated that it was denied for the same reasons that the withholding claim was denied. CAT and withholding have different eligibility standards. [Compare 8 CFR section 208.16 (b) with 8 CFR 208.18.] Persecution and torture are not interchangeable terms. Further, while persecution requires a showing that the harm was imposed **"on account of"** race, religion, nationality, political opinion, or social group, a torture claim is not required to be grounded on account of anything. The alien must only establish that the torture was at the hands of an official entity and occurred while the alien was in governmental custody or its physical control. There is no requirement that persecution occur at the hands of the government as it can also occur at the hands of non-governmental entities the government can not or will not control. Accordingly, the BIA was required to conduct a separate analysis of the CAT claim, irrespective of its determination on the withholding claim. There is no evidence in the decision entered by the BIA that that independent analysis was conducted.

The decision of the Board was thus plain error, and as such Petitioner was deprived of his right to fundamentally fair consideration of his appeal and was denied due process.

5

### 3. Injunctive Relief

To obtain a temporary restraining order and/or a preliminary injunction, the plaintiffs must establish (1) a substantial likelihood that they will prevail on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) greater injustice to plaintiffs if the injunction is denied than harm caused by granting the injunction; and (4) no substantial disservice to the public interest. *Tepper v. Miller,* 82 F.3d 989, 992-93 n.3 (11th Cir. 1996); *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.,* 51 F.3d 982 (11th Cir. 1995); *Shatel Corp. v. Maota Lumber and Yacht Corp.,* 697 F.2d 1352, 1354-1355 (11th Cir. 1983); *Canal Authority v. Callaway,* 489 F.2d 567 (5th Cir. 1974).

This standard is not rigidly applied by assigning a fixed quantitative value to each of the four factors. Rather, a flexible scale – which balances each consideration and arrives at the most equitable result, given the particular circumstances of each case – is used. *Texas v. Seatrain International, S.A.,* 518 F.2d 175, 180 (5th Cir. 1975). "It is the threat of harm that cannot be undone which authorizes exercise of this equitable power to enjoin before the merits are fully determined." *Parks v. Dunlop,* 517 F.2d 785, 787 (5th Cir. 1975).

An injunction is especially appropriate when, as here, it would preserve the status quo ante. *Northeastern Florida Chapter of Assoc. of Gen. Contractors v. City of Jacksonville,* 896 F.2d 1283, 12844 (11th Cir. 1990) ("The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.").

Petitioner asserts that he is very likely to prevail on appeal due to the plain error contained in the order issued by the Board on March 30, 2000 for all the reasons stated above. Petitioner has also established a clear threat of irreparable harm should his request for injunctive relief be denied. Petitioner asserts that he will be tortured and persecuted upon deportation to Israel by

6

the government of Israel and or entities within that country that the government can not or will not control. Once the Petitioner is removed from the United States, there will be no opportunity for Petitioner to obtain protection from his asserted fear of torture and persecution. Although Petitioner has, technically, had the opportunity to have these concerns considered, he has identified legal errors in his administrative proceedings that have affected his constitutional right to due process. The Petitioner, as a lawful permanent resident, is entitled to have his claims considered by this court prior to his removal from the United States. The harm to the Respondent should this injunction be granted is minimal compared to the harm to be suffered by the Petitioner should it be denied, especially in light of the Petitioner's asserted fear of persecution and torture. It is in the public interest for Petitioner's request for an injunction to be granted. Petitioner has identified serious legal errors in his administrative proceedings that have placed his life and liberty in jeopardy. Further, the protection the Petitioner seeks is mandatory upon establishment of eligibility. Respondent's may not deny withholding of removal or protection under CAT in its discretion. The United States has committed itself to protecting individuals who fear persecution and torture. In light of the claims raised by the Petitioner and plain legal error committed by the Board, it is in the public interest to grant the requested injunction.

**Conclusion.**

Petitioner requests that the merits of his petition be heard and that the requested injunction be issued.

Respectfully submitted,

*Sandra Greene*

Sandra Greene, Esquire
140 Roosevelt Ave., Suite 202
York, PA 17404
(717) 812-9080
(717) 843-0417 (FAX)

8

**CERTIFICATE OF SERVICE**

    Petitioner has served this document upon the Respondent and the US Attorney by express mail on August 12, 2000 at:

Charles Zemski, Acting District Director
US INS
1600 Callowhill Street, 6th Floor
Philadelphia, PA   19130

Mary Catherine Frye, Chief, Civil Division
US Attorney's Office
2nd Floor
228 Walnut Street
Harrisburg, PA   17108

Respectfully,

*Sandra Greene*
Sandra Greene, Esquire
140 Roosevelt Ave., #202
York, PA 17404
(717) 812-9080
(717) 843-0417 (FAX)

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

```
******************************  1 : CV - 00 - 1460
Osama Allan,                    )
        Petitioner              )
                                )
        v.                      )   Case No. _____
                                )
Janet Reno, U.S. Attorney General, )
Charles Zemski, Acting District Director, )
U.S. Immigration and Naturalization Service, )
Philadelphia District.          )
        Respondents             )
```

## ORDER

AND NOW this _____ day of _____, 2000, in consideration of the Petitioner's Motion For Injunctive Relief, it is hereby ORDERED and DECREED that the instant motion shall be GRANTED.

BY THE COURT:


J.