ORIGINAL

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
AUG 1 4 2000
MARY E. D'ANDREA, CLERK
Per _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  )
Osama Allan,                                )
    Petitioner                          )
                                        )
    v.                                  )  Case No. CV-00-1460
                                        )
Janet Reno, U.S. Attorney General,          )
Charles Zemski, Acting District Director,   )
U.S. Immigration and Naturalization Service,)
Philadelphia District.                      )
    Respondents                         )

Petitioner's Exhibits

## LIST OF ATTACHMENTS

| *Exhibit* | *Description* |
|---|---|
| A | Notice To Appear for Osama Allan |
| B | Written Decision of the BIA |

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File: A42 516 624 - WhiteDeer

Date: **MAR 30 2000**

In re: OSAMA ALLAN a.k.a. Osama Mahmoud Allan

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Pro se

CHARGE:

    Notice: Sec. 237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] - Convicted of aggravated felony

APPLICATION: Withholding of removal; torture convention

ORDER:

    PER CURIAM. The respondent timely appeals the Immigration Judge's decision denying his claim for withholding of removal under section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3). The respondent also maintains on appeal that he his entitled to deferral of removal pursuant to Article 3 of the Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted and opened for signature Dec. 10, 1984, G.A. res. 39/46, annex, 39 U.N. GAOR Supp. (No. 51) at 197, U.N. Doc. A/39/51 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) (hereinafter "Torture Convention"). The respondent's appeal is dismissed. The respondent's request for a fee waiver is granted.

    The record reflects that the respondent, a native of Israel, is stateless. On May 21, 1997, the respondent was convicted of conspiracy, copyright infringement, trafficking in counterfeit labels, money laundering, and aiding and abetting pursuant to 18 U.S.C. §§ 371, 2319(b)(1), 2318(a)(c)(3), 1956(h), 1956(1) and 2. As a result of the respondent's 1997 federal convictions the Immigration and Naturalization Service charged him with deportability as an alien convicted of an aggravated felony after admission under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii).

    At a hearing before the Immigration Judge the respondent expressed a fear of being returned to Israel (Tr. at 30). The Immigration Judge, however, correctly noted that the respondent is deportable as an alien convicted of an aggravated felony after admission. The Immigration Judge, therefore, held that pursuant to section 208(b)(2)(B)(i) of the Act, 8 U.S.C. § 1158(b)(2)(B)(i),

A42 516 624

the respondent was statutorily ineligible to apply for asylum. See Matter of L-S-, Interim Decision 3386 (BIA 1999). Noting that the respondent was sentenced to less than 5 years for his aggravated felony convictions the Immigration Judge considered other restrictions to removal such as withholding of removal pursuant to section 241(b)(3) of the Act. The Immigration Judge, nevertheless, denied the respondent's applications, holding that he had not suffered past persecution and had failed to demonstrate that it was more likely than not that his life or freedom would be threatened in Israel on account of his race, religion, nationality, membership in a particular social group, or political opinion. See Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998).

On appeal the respondent argues that the Immigration Judge erred in denying his application for withholding of removal. We note that the respondent does not contest the Immigration Judge's finding that he is deportable as an aggravated felony after admission. Instead, the respondent asserts that the Immigration Judge erred in not withholding or deferring his removal pursuant to either section 241(b)(3) of the Act or Article 3 of the Torture Convention. The respondent maintains that he will more likely than not face persecution by members of the Israeli military if removed. The respondent, therefore, seeks either withholding or deferral of removal from Israel, Palestine, and Jordan.

We accord deference to the Immigration Judge's favorable credibility finding (I. J. at 6). See Matter of A-S-, 21 I&N Dec. 1106 (BIA 1998). Like the Immigration Judge, however, we find that although the respondent's testimony is credible he has failed to demonstrate that he faces persecution in Israel. In 1987 the respondent was detained by Israeli soldiers while traveling to a martial arts class (Tr. at 50). The respondent testified that these soldiers kicked him in the shin (Tr. at 51). We find that this incident does not rise to the level of persecution. The respondent also testified that in 1988, after a clash between police and villagers, he was detained, strip searched, and beaten. The respondent also indicated that the police shot at his feet (Tr. at 52-53). Coming on the heels of a physical altercation between the police and villagers, we find no evidence that this incident was motivated by a statutorily protected ground. See Matter of S-P-, 21 I&N Dec. 486 (BIA 1996). There is no indication in this record that such an incident will occur again, consequently, we see no evidence that the respondent is more likely than not going to face either persecution or torture if removed to Israel.

On this record we affirm the Immigration Judge's decision finding the respondent ineligible for withholding of removal pursuant to section 241(b)(3) of the Act. We, likewise, reject the respondent's assertions that he is entitled to deferral of removal pursuant to Article 3 of the Torture Convention. See 8 C.F.R. § 208.16(c)(4).

Accordingly the respondent's appeal is dismissed.

FOR THE BOARD

2

U.S. Department of Justice
Immigration and Naturalization Service

# Notice to Appear

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A42 516 624

In the Matter of:

Respondent: Osama                    ALLAN           AKA: Osama Mahmoud ALLAN
INMATE# 18987-050   PRD: 12/25/00
LSCI ALLENWOOD, P.O. BOX 1500
WHITE DEER                                              PA    17887         (717) 547-1990
(Number, street, city, state and ZIP code)                              (Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

SEE CONTINUATION PAGE

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

SEE CONTINUATION PAGE

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:   ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: Executive Office for Immigration Review, Office of the Immigration Judge, 1600 Callowhill St., Rm. 400, Philadelphia, PA 19130
(Complete Address of Immigration Court, Including Room Number, if any)

on ___TO BE SET___ at ___TO BE SET___ to show why you should not be removed from the United States based on the
       (Date)              (Time)
charge(s) set forth above.

KATHRYN A. JENNY, IHP DIRECTOR
(Signature and Title of Issuing Officer)

Date: SEP 2 4 1997                                      ALLENWOOD, PA
                                                         (City and State)

See reverse for important information

Form I-862 (Rev. 4-1-97)

See reverse for important informa...

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 C 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desi to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certif English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have su witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that yo are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evide and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligi including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You mu notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then t Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time a place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

## Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appe before an immigration judge.

_____
(Signature of Respondent)

Before:

_____L. MUSE, AGENT_____   Date: _____
(Signature and Title of INS Officer)

## Certificate of Service

**SEP 2 4 1997**

This Notice to Appear was served on the respondent by me on _____, in the following manner and in
                                                                    (Date)
compliance with section 239(a)(1)(F) of the Act:

[X] in person         [ ] by certified mail, return receipt requested         [ ] by regular mail

[X] Attached is a list of organizations and attorneys which provide free legal services.

[X] The alien was provided oral notice in the ___ENGLISH___ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
L. MUSE, AGENT
(Signature and Title of Officer)

__ALIEN REFUSES TO SIGN__
(Signature of Respondent if Personally Served)

U.S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form I-862

| Alien's Name Osama ALLAN AKA: Osama Mahmoud ALLAN | File Number A42 516 624 | Date SEP 2 4 1997 |
|---|---|---|

You are not a citizen or national of the United States;

You are a native of Jordan and a citizen of Jordan; → NO

You were admitted to the United States at New York, New York on or about May 20, 1991 as an immigrant;

You were, on May 21, 1997, convicted in the United States District Court at the Eastern District of Pennsylvania for the following offenses:

CONSPIRACY, IN VIOLATION OF 18 USC 371;
COPYRIGHT INFRINGEMENT, AIDING & ABETTING, IN VIOLATION OF 18 USC 2319(b)(1) AND 18 USC 2;
TRAFFICKING IN COUNTERFEIT LABELS, AIDING & ABETTING, IN VIOLATION OF 18 USC 2318(a)(c)(3) & 18 USC 2;
CONSPIRACY TO LAUNDER MONEY, IN VIOLATION OF 18 USC 1956(h);
THREE (3) COUNTS OF MONEY LAUNDERING, AIDING & ABETTING, IN VIOLATION OF 18 USC 1956(1)(A)(i) & 2; AN
THREE (3) COUNTS OF MONEY LAUNDERING, AIDING & ABETTING, IN VIOLATION OF 18 USC 1957(a) & 2.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision of law:

Section 237(a)(2)(A)(iii) of the of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you ha been convicted of an aggravated felony as defined in section 101(a)(43) of the Act.

| Signature | Title KATHRYN A. JENNY, IHP DIRECTOR |
|---|---|

of   Pages

*U.S. GPO: 1992-342-483/72348

Form I-831 Continuation Page (Rev. 6/12/92)

**CERTIFICATE OF SERVICE**

Petitioner has served this document upon the Respondent and the US Attorney by express mail on August 12, 2000 at:

Charles Zemski, Acting District Director
US INS
1600 Callowhill Street, 6th Floor
Philadelphia, PA   19130

Mary Catherine Frye, Chief, Civil Division
US Attorney's Office
2nd Floor
228 Walnut Street
Harrisburg, PA   17108

Respectfully,

Sandra Greene, Esquire
140 Roosevelt Ave., #202
York, PA 17404
(717) 812-9080
(717) 843-0417 (FAX)

9