IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OSAMA ALLAN,
    Petitioner

v.

JANET RENO,
    United States Attorney General,
CHARLES ZEMSKI,
    Acting District Director,
    Immigration and
    Naturalization Service,
    Philadelphia District,
    Respondents

Civil Action No. 1:CV-00-1460

(Judge Kane)

FILED
HARRISBURG, PA

AUG 1 6 2000

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

## ORDER

Before the Court in this habeas corpus case is Petitioner's request, pursuant to Federal Rule of Civil Procedure 65, for emergency injunctive relief in the form of a temporary restraining order. For the reasons that follow, the request will be denied.

Preliminary injunctive relief is extraordinary in nature, and is discretionary with the trial judge. See Frank's GMC Truck Center, Inc. v. G.M.C., 847 F.2d 100, 102 (3rd Cir.1988); United States Steel Corp. v. Fraternal Association of Steelhaulers, 431 F.2d 1046, 1048 (3d Cir. 1970). In determining whether to grant a motion seeking emergency injunctive relief, courts in the Third Circuit consider four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the complained conduct; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. See S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992). The moving party bears the burden of demonstrating these factors. See Dorfman v. Moorhous,

No. Civ. A. 93-6120, 1993 WL 483166 at *1 (E.D. Pa., Nov. 24, 1993).

Perhaps the most important requisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. See Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980). The Third Circuit Court of Appeals has defined irreparable injury as "potential harm which cannot be redressed by a legal or equitable remedy following a trial." Instant Air Freight v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." Id. The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued. See SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

In the instant case, Petitioner has failed to provide evidence sufficient to establish either irreparable harm or likelihood of success on the merits. Regarding irreparable harm, Petitioner alleges that he will be subject to torture or other persecution if he is removed to Israel. However, as to the prospect of removal, there is only his counsel's conclusory assertion that removal is "imminent." *See* Petitioner's Application at 9. Wholly absent from the pleadings are any facts to support that critical representation. For failure to establish irreparable harm, the request for temporary restraining order must be denied.

The request also fails for another reason. Petitioner contends that the immigration judge committed legal error in denying his claims for withholding of removal and deferral of removal pursuant to the Convention Against Torture. Petitioner further argues that his due process rights were violated when the Board of Immigration Appeals ("BIA") failed to provide him with

2

meaningful appellate review of the immigration judge's decision and that the BIA erred in affirming that decision. To be sure, this Court's assessment of Petitioner's arguments cannot occur without consideration of the immigration judge's decision that itself was the subject of the BIA's affirmance and which Petitioner now challenges. For as even Petitioner concedes, it is permissible for the BIA to state that it affirms the immigration judge's decision for the reasons set forth in that decision; the BIA need not write a lengthy opinion that merely repeats the immigration judge's reasons for denying the requested relief. See Petitioner's Application at 8; Prado-Gonzalez v. INS, 75 F.3d 631, 632 (11th Cir. 1996); Chen v. INS, 87 F.3d 5, 8 (1st Cir. 1996). Inexplicably, however, Petitioner's counsel has failed to submit the subject decision of the immigration judge, thereby precluding her client from establishing a likelihood of success on the merits of his claims. Without showing a likelihood of success, of course, no injunctive relief may issue.

AND NOW, this 16th day of August 2000, IT IS ORDERED THAT:

1. Petitioner's request for a temporary restraining order is DENIED.

2. The Clerk of Court is directed to serve a copy of the above-captioned Petition For Writ of Habeas Corpus on Respondent and the United States Attorney.

3. Within twenty (20) days of the date of this Order, Respondent shall respond to the allegations in the petition.

4. Petitioner shall file any reply to the response within fifteen (15) days of its filing.

YVETTE KANE
United States District Judge

3

```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA

                    * * MAILING CERTIFICATE OF CLERK * *

                           August 16, 2000
```

Re:  1:00-cv-01460   Allan v. Reno

True and correct copies of the attached were mailed by the clerk to the following:

Sandra - Greene, Esq.
140 Roosevelt Avenue, #202
York, PA   17404  Fax No.: (717) 843-0417

```
cc:
Judge                          ( )      US Atty +
Magistrate Judge               ( )
U.S. Marshal                   ( )      Imp-Phila
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( )  with N/C attached to complt. and served by:
                                    U.S. Marshal ( )   Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            (✓) with Petition attached & mailed certified mail
                                    to:  US Atty Gen   ( )    PA Atty Gen ( )
                                         DA of County  ( )    Respondents (✓) 8/17/00

Bankruptcy Court               ( )
Other_____    ( )
                                                    MARY E. D'ANDREA, Clerk

DATE:  8/16/00                              BY: _____
                                                      Deputy Clerk
```

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7000 0600 0027 5713 4185

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer): Charles Zimmerler
Street, Apt. No.; or PO Box No.:
City, State, ZIP+4: Phila Pa

PS Form 3800, February 2000 — See Reverse for Instructions

---

7000 0600 0027 5713 4178

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name: David Barasch
Street, Apt. No.; or PO Box No.:
City, State, ZIP+4: NBG

PS Form 3800, February 2000 — See Reverse for

---

7000 0600 0027 5713 4192

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name: Janet Reno
Street, Apt. No.; or PO Box No.:
City, State, ZIP+4: Wash DC

PS Form 3800, February 2000 — See Reverse for