IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OSAMA ALLAN, :
    Petitioner :
: Civil Action No. 1:CV-00-1460
:
v. : (Judge Kane)
:
JANET RENO, :
  United States Attorney General :
CHARLES ZEMSKI, :
  Acting District Director, :
  Immigration and :
  Naturalization Service, :
  Philadelphia District, :
    Respondents :

**FILED**
HARRISBURG, PA
AUG 3 0 2000
MARY E. D'ANDREA, CLE
Per _____

### RESPONSE TO ORDER TO SHOW CAUSE

#### I. INTRODUCTION

This is a <u>habeas corpus</u> action brought pursuant to 28 U.S.C. § 2241. Petitioner is Osama Allan, a native of Israel. Allan has been ordered removed from the United States as an alien convicted of an aggravated felony after admission under § 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii). With such status, Allan was disqualified from seeking asylum. However, the Immigration Judge also considered him for a withholding of removal pursuant to § 241(b)(3) of the Act (8 U.S.C. § 1231(b)(3). Nevertheless, the Immigration Judge denied the application, finding that Allan had not met the test set forth in the statute.

Allan appealed this denial to the Board of Immigration Appeals which affirmed the decision of the Immigration Judge and also rejected Allan's claim that he was entitled to deferral of removal

pursuant to Article 3 of the Convention Against Torture. <u>See</u>, 8 C.F.R. § 208.16(c)(4). This habeas corpus petition followed.

Allan's petition also contained a request for preliminary injunctive relief and for a temporary restraining order. Prior to service of the petition on the United States by the Clerk of Courts, this Court denied the request for a temporary restraining order and directed the United States to respond to the petition within 20 days. This is the requested response.

## II.  QUESTIONS PRESENTED

**DOES THIS COURT HAVE JURISDICTION TO CONSIDER ALLAN'S HABEAS CORPUS PETITION?**

Suggested answer in the negative.

## III.  ARGUMENT

**THIS COURT LACKS JURISDICTION TO HEAR ALLAN'S HABEAS CORPUS PETITION.**

According to Allan's petition herein, he was placed into removal proceedings on or about September 24, 1997, placing him under the authority of the provisions of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). Under IIRIRA, judicial review of removal proceedings is governed by 8 U.S.C. § 1252 which reads in relevant part as follows:

> (a)(1)General Orders of Removal-Judicial review of a final order of removal...is governed only by Chapter 158 of Title 28, except as provided in subsection (b) of this section [not applicable here]....

Chapter 158 of Title 28 of the United States Code pertains to the review by the Circuit Court of Appeals of the decisions of administrative agencies of the United States government. In essence, any review of a final order of removal is exclusively within the province of the Circuit Court and this Court has no jurisdiction to entertain such a challenge. Allan's petition is a challenge to the merits of his final order of deportation and therefore must be dismissed by this Court for want of jurisdiction or transferred to the appropriate circuit court pursuant to 28 U.S.C. § 1631.

The same result is mandated by 8 U.S.C. § 1252(g), which reads:

> (g) Exclusive Jurisdiction - Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Again, this section commits to the Circuit Court the exclusive review of the BIA decision to deny withholding of removal.

Allan of course will take issue with the respondent's identification of his petition as an appeal challenging the merits of the final order of removal. Allan has characterized the petition as one seeking habeas corpus relief for the denial of due process, and his counsel's brief dwells at length on the continuing

3

viability of habeas relief.[1] However, this characterization does not make it so. A cursory reading of the substance of the petition makes it clear that the petition seeks to have the District Court substitute its judgment for that of the BIA and IJ regarding Allan's evidence submitted to support his assertion of entitlement to withholding of removal based on the fear of persecution or on the Convention Against Torture (CAT).

Paragraphs 15 and 16 of the Petition purport to state this due process claim. However, what they actually state is Allan's claim that the BIA did not credit his assertions that he would be persecuted or tortured. This is no more than an attempt to have this Court give Allan another hearing in the hope that the District Court will reach a result he likes. This is not a due process claim. This is a request for a review of the BIA's findings, a review solely within the exclusive jurisdiction of the Circuit Court. In other words, it is a garden variety appeal.

Significantly, Allan is not claiming that he is being detained in violation of his constitutional rights. He implicitly concedes that his detention is lawful. Rather, it is the "failure" of the Board to agree with him regarding his removal that he challenges. Such a challenge does not raise a constitutional claim.

---

[1] By not addressing the minutiae of petitioner's habeas analysis, respondent is not conceding that habeas corpus relief has continued viability in this context.

The result urged here by Respondent is consistent with this Court's very recent decision in the habeas corpus case of <u>Abdoulaye Ba v. BIA and INS</u>, Civil No. 1-CV-00-0136, Judge Rambo, filed July 24, 2000 (copy attached). In <u>Ba</u>, petitioner sought habeas relief in the nature of an order setting aside two decisions of the BIA denying Ba's request to reopen his case to determine whether he was entitled to asylum pursuant to the CAT. In <u>sua sponte</u> transferring the case to the Court of Appeals for the Second Circuit, Judge Rambo held that the District Court lacked jurisdiction under IIRIRA as petitioner was not claiming he was unconstitutionally in custody.[2] As in <u>Ba</u>, Allan is not alleging that his custody is unlawful.[3] Instead he complains that the Board erred in not granting him withholding of removal. Such a claim can only be heard, if at all, in the Court of Appeals pursuant to 8 U.S.C. § 1252(a) and (g).

## IV.  CONCLUSION

Allan's argument is falsely premised on his contention that his petition states a constitutional claim. It clearly does not.

---

[2] Although the <u>Ba</u> case was decided under the "interim" rules regarding appeals, the permanent rules have the same requirements.

[3] Allan's presumptive release is currently January 6, 2001. See attached declaration of Jeff Fromm.

5

As such, this Court lacks jurisdiction of the petition requiring its dismissal.

        Respectfully submitted,

        DAVID M. BARASCH
        United States Attorney

        LARRY B. SELKOWITZ
        Assistant U.S. Attorney
        P.O. Box 11754
        Harrisburg, PA  17108
        (717)221-4482

Dated:  August 30, 2000

**ATTACHMENT 1**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OSAMA ALLEN, | : CIVIL ACTION NUMBER 1:CV-00-1460 |
|    Plaintiff | :    (KANE, J. ) |
| v. | : |
| JANET RENO | : |
|    Defendant | : |

## DECLARATION OF J. FROMM

I, J. Fromm, hereby declare and state as follows:

1. I am currently employed by the United States Department of Justice, Federal Bureau of Prisons ("FBOP"), as a Paralegal Specialist, at the Federal Correctional Complex (F.C.C.), Allenwood, Pennsylvania. I have been employed with the FBOP since June 1989. I have been a Paralegal Specialist at F.C.C. Allenwood since August 1998. Prior to that time, I held the position of Paralegal Specialist at the United States Penitentiary, Lewisburg, Pennsylvania, since November, 1989.

2. In my official capacity, I have access to inmate files, including, but not limited to, records regarding an inmate's sentencing, dates of confinement, places of confinement and release records.

3. The Plaintiff, Osama Allan, Federal Register Number 18987-050, was sentenced on May 21, 1997, in the United States District Court for the Eastern District of Pennsylvania, to a term of imprisonment of forty-eight months, with a three year term of supervision, for: "Conspiracy", in violation of Title 18, United States Code §371; "Copyright Infringement", in violation of 18 U.S.C. §2319(b)(1) and 18 U.S.C. §2 "Aiding & Abetting"; "Trafficking In Counterfeit Labels" 18 U.S.C. §2318 (a)(c)(3) and 18 U.S.C. §2 "Aiding & Abetting"; "Conspiracy To Launder Money" in violation of 18 U.S.C.§1956 (h); "Money Laundering" in violation of 18 U.S.C.§1956 (1)(A)(i) and 18 U.S.C. §2 "Aiding & Abetting"; "Money Laundering" in violation of 18 U.S.C.§1956 (1)(A)(i) and 18 U.S.C. §2 "Aiding & Abetting"; "Money Laundering" in violation of 18 U.S.C. §1956 (1)(A)(i) and U.S.C. §2 "Aiding & Abetting"; "Money Laundering" in violation of 18 U.S.C. §1957(a) and U.S.C. §2 "Aiding & Abetting"; "Money Laundering" in violation of 18 U.S.C. §1957(a) and U.S.C. §2 "Aiding & Abetting"; "Money Laundering" in violation of 18 U.S.C. §1957(a) and U.S.C. §2 "Aiding & Abetting".

4. The Petitioner was committed to the custody of the Bureau of Prisons on July 3, 1997, and designated to serve his sentence at the Low Security Correctional Institution (LSCI), Allenwood, Pennsylvania.

5.  The Plaintiff has a projected release date of January 6, 2001, via Good Conduct Time Release.

I declare that the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. §1746.

EXECUTED this 25th day of August, 2000.

*Jeffry E. Fromm*
J. FROMM
Paralegal Specialist
Federal Correctional Complex
Allenwood, Pennsylvania

# ATTACHMENT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDOULAYE BA, | CIVIL NO. 1:CV-00-0136 |
| Petitioner | |
| v. | |
| BOARD OF IMMIGRATION APPEALS and IMMIGRATION AND NATURALIZATION SERVICE, | FILED HARRISBURG, PA  JUL 2 4 2000 |
| Respondents | MARY E. D'ANDREA, CLERK Per _____ Deputy Clerk |

### MEMORANDUM AND ORDER

Before the court is a petition for habeas corpus filed by Abdoulaye Ba. The parties have filed their briefs, and the matter is ripe for disposition.

I.   Background[1]

Petitioner Abdoulaye Ba, a citizen of Senegal, entered the United States on June 30, 1993 as an immigrant visitor for business. Petitioner was authorized to remain in the United States until September 29, 1993. However, Petitioner remained in the United States beyond this date, without INS authorization. On March 13, 1996 the INS issued an order to show cause, charging Petitioner as being deportable as a nonimmigrant who remained in the United States beyond the time period for which his admission was authorized. On September 11, 1996, Petitioner was ordered deported to Senegal following a hearing before an immigration judge

---

[1] The factual background has been gleaned primarily from Respondents' response, which Petitioner does not dispute. (Pet.'s Amended Reply (Doc. 13) at 2.)

("IJ"). At the same time the IJ denied Petitioner's application for asylum and for withholding of deportation.

Petitioner filed an appeal of the IJ's decision to the Board of Immigration Appeals ("BIA") on September 30, 1996, claiming that the IJ improperly denied his application for political asylum because he had presented a credible, detailed, and consistent fear of persecution based upon political activities. The BIA denied Petitioner's appeal, upholding the decision of the IJ on June 16, 1998.

On August 18, 1999 Petitioner filed a motion to reopen proceedings with the BIA in order to assert a claim for withholding of removal pursuant to the Convention Against Torture ("CAT").[2] The BIA denied Petitioner's motion, concluding that based on 8 C.F.R § 208.18(b)(2)(i), Petitioner's motion to reopen was filed out of time.[3] Petitioner filed a second motion to reopen with the BIA on November 10, 1998. In this motion, Petitioner claimed that he was previously unable to file a timely motion to reopen because his appellate counsel was ineffective in that he failed to notify Petitioner of the BIA's June 16, 1998 decision to deny his appeal, and failed to file a motion to reopen based upon the CAT on or before June 21, 1999. Petitioner's second motion to reopen was pending as of the filing of the instant petition; however, during the pendency of the petition, on May

---

[2] Pursuant to Article III of the CAT, the United States has agreed not to "expel, return extradite a person to another State where there are substantial grounds for believing that he would tortured." See Petitioner's Amended Reply (Doc. 13) at 7 (quoting CAT); see Section 2242 of the Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105-277, 112 Stat. 2681.

[3] Pursuant to 8 C.F.R. § 208.18(b)(2)(i), an alien subject to an order of removal which became final prior to March 22, 1999 may file a motion to reopen deportation proceedings to asser claim based upon the CAT, provided that such motion to reopen is not filed later than June 21, 199

2

9, 2000, the BIA issued a decision denying Petitioner's motion. The BIA constru[ed] Petitioner's second motion as a motion for reconsideration of the BIA's denial of Petitioner's initial motion to reopen, and denied the second motion on the basis th[at] Petitioner "articulated no error of law or fact in [the BIA's] prior decision." (Pet. Supp. Ex. (Doc.16).)

Petitioner filed the instant petition for a writ of habeas corpus on January 24, 2000, along with a request for appointment of counsel. By order date[d] January 24, 2000, as amended on January 31, 2000, the court: (1) deferred Petitioner's request for appointment of counsel; (2) stayed Petitioner's deportatio[n] pending a decision on the petition; and (3) ordered Respondents to show cause w[hy] the petition should not be granted. Following receipt of Respondents' response, b[y] order dated April 12, 2000, the court granted Petitioner's request for appointment [of] counsel, and directed counsel to reply to Respondents' response. Thereafter, Petitioner filed an amended reply, and two supplemental exhibits in support of his petition.

## II.   Discussion

In bringing the instant petition, Petitioner seeks to have the court review the BIA's decisions denying Petitioner's two motions to reopen his case t[o] consider whether he is entitled to asylum, pursuant to the CAT.[4] Specifically, Petitioner argues that: (1) his appellate counsel was ineffective insofar as he faile[d]

---

[4] Initially, Petitioner sought review of the BIA's denial of his first motion to reopen, [as his] second motion to reopen was pending before the BIA when the instant petition was filed. Howev[er,] since the BIA subsequently denied Petitioner's second motion to reopen by order dated May 9, 2[000, the] court will construe the instant petition as seeking review of the BIA's denial of both of Petitioner[s'] motions to reopen.

3

to notify Petitioner of the BIA's denial of his original appeal and failed to file a timely motion to reopen; and (2) the time limits for reopening proceedings to assert claims under the CAT, which are imposed by the INS Regulations, are contrary to the treaty itself. In response to the instant petition, Respondents set forth two principal arguments for dismissal of the petition: (1) Petitioner failed to exhaust his claims regarding ineffective assistance of counsel or unfamiliarity with the English language; and (2) Petitioner has no statutorily mandated right to file a motion to reopen based upon CAT, but rather his rights to do so are set forth in INS Regulations which set a clear time limit. The court need not address the parties' arguments, however, because for the reasons set forth below, the court concludes that it is without jurisdiction to hear the instant case, and will therefore transfer the matter to the Second Circuit Court of Appeals.

In 1996 Congress enacted the Illegal Immigration and Reform and Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-54. Section 309 of IIRIRA sets forth certain "transitional rules" for application of judicial review of exclusion and deportation proceedings for aliens whose proceedings were pending before the IIRIRA's effective date—April 1, 1997—and for whom final orders of deportation or exclusion were entered after October 30, 1996. It is undisputed that Petitioner's case fits these criteria and is thus governed by IIRIRA's transitional rules.

The transitional rules specifically supersede the provisions for judicial review contained in the former INA § 106, 8 U.S.C. § 1105a (repealed 1996). See IIRIRA § 309(c)(4). As such, the transitional rules purport to eliminate habeas

4

corpus judicial review for aliens subject to final orders of exclusion or deportation[5] and provide that judicial review for such aliens is solely and exclusively available by filing a petition for review "in the court of appeals for the judicial circuit in which the administrative proceedings . . . were completed." IIRIRA § 309(c)(4)(D). However, in the case of Sandoval v. Reno, 166 F.3d 225 (3d Cir. 1999), the Third Circuit held that IIRIRA does not eliminate habeas corpus jurisdiction per se, and held that a district court has jurisdiction to entertain a habeas petition by an alien "[i]nasmuch as the language of the habeas corpus statute encompasses claims that one 'is in custody in violation of the constitution or laws or treaties of the United States.'" Id., at 238 (quoting 28 U.S.C. § 2241(c)(3)). Nevertheless, Petitioner in the instant case has not brought such a claim; rather than raise a claim that he is being unconstitutionally or unlawfully incarcerated or detained, Petitioner seeks review of the BIA's denial of his motion to reopen his deportation proceedings. Thus, a petition for habeas corpus is not the appropriate vehicle for Petitioner's claims. Instead of filing such a petition in this court, Petitioner should have filed a petition for review in the court of appeals, pursuant to IIRIRA § 309(c)(4)(A). Accordingly, because this court is without jurisdiction to hear the instant petition, it will be transferred so that it may be considered as a petition for review by the appropriate court of appeals. See 28 U.S.C. § 1631; Demirovic v. Reno, No 99 CV 4231 (ILG), 1999 WL 1288680, at * 2 (E.D.N.Y. November 29, 1999).

---

[5] "Although IIRIRA's transitional rules make no explicit reference to denials of motion reopen, [courts] have traditionally interpreted [the term] 'final order of deportation' in other context include a BIA order denying a motion to reopen." Stewart v. INS, 181 F.3d 587, 593 (4th Cir. 199 (citing cases); cf. Lara v. E.M. Trominski, __ F.3d __, No. 98-41434, 98-60091, 2000 WL 797235, n.10 (5th Cir. July 10, 2000) (finding that pursuant to IIRIRA's transitional rules, circuit court had jurisdiction to hear petition for review of BIA's denial of petitioner's motion for reconsideration of denial of his motion to reopen).

5

III.    Order

In accordance with the foregoing, **IT IS HEREBY ORDERED THAT** the captioned matter is **TRANSFERRED** to the U.S. Court of Appeals for the Second Circuit.[6]

SYLVIA H. RAMBO
United States District Judge

Dated: July 24, 2000.

---

[6] Respondents' exhibits indicate that the Petitioner's administrative proceedings were conducted in the state of New York, which is within the Second Circuit. (Resps'. Exs. 1, 2.)

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OSAMA ALLAN, :
       Petitioner :
: Civil Action No. 1:CV-00-1460
:
v. : (Judge Kane)
:
JANET RENO, :
  United States Attorney General:
CHARLES ZEMSKI, :
  Acting District Director, :
  Immigration and :
  Naturalization Service, :
  Philadelphia District, :
       Respondents :

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 30th day of, August, 2000, she served a copy of the attached

## RESPONSE TO ORDER TO SHOW CAUSE

by Federal Express addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelopes and contents in the United States Mail at Harrisburg, Pennsylvania to:

Sandra Greene, Esquire
140 Roosevelt Avenue, #202
York, PA 17404

                                        PHYLLIS M. MITCHELL
                                        Legal Secretary

N:\udd\pmitchel\my_work\pleading.lbs\Allan.brf.wpd