ORIGINAL  (7)

9-15-00
sc

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Osama Allan
    Petitioner,

vs

Janet Reno, US Attorney General and
Charles Zemski, Acting INS District
Director,
    Respondent

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

No. 1:-CV-00-1460
(Judge Kane)

**FILED**
HARRISBURG, PA
SEP 1 4 2000
MARY E. D'ANDREA, CLERK
Per _____

Petitioner's Reply Brief

    Petitioner, Osama Allan, by and through Counsel, Sandra Greene, Esquire, hereby submits this reply brief in support of his petition for habeas corpus. In support thereof, Petitioner states as follows:

Jurisdiction

    Respondent contends that this court does not have jurisdiction to consider Petitioner's petition for habeas corpus. It is well settled in this judicial circuit that aliens with criminal convictions may only seek review of final orders of removal by way of habeas proceedings in the District Courts. *Catney v. INS*, 178 F.3d 190 (3rd Cir. 1999). In *Catney*, the Court of Appeals held: "We retain jurisdiction to adjudicate statutory or constitutional claims such as those raised by Catney, as well as to refiew denials of relief from deportation , in the case of most aliens other than criminal aliens... However, ...we no longer have jurisdiction to review a denial of descretionary relief to a criminal alien such as Catney...we conclude that <u>**any challenge by a criminal alien to the BIA's interpretation of the immigration laws or to the constitutionallity of these laws must be made through a habeas petition.**</u> Id at 195. (Empahsis added)

1

Respondent is a criminal alien. The Respondent was placed into removal proceedings precisely because he was alleged to have been convicted of a criminal offense that renders him deportable. Both the immigration judge and the Board of Immigration Appeals sustained the removal charges brought against the Petitioner by the Respondent. Inasmuch as the Petitioner is a criminal alien who has been ordered removed and denied relief from removal on the basis of his criminal convictions, Petitioner may only proceed on his request for judicial review of his order of removal and the denial of relief from removal by way of the instant habeas petition. The Respondent's failure to address the *Catney* decision does not render Petitioner's arguments in favor of jurisdiction "minutiae".

Respondent mistakenly cites *Abdoulaye Ba v. BIA and INS*, Civil No. 1-CV-00-0136 as support for its view. The *Ba* decision has no relevance to these proceedings because the alien in *Ba* was not a criminal alien. Thus, Judge Rambo correctly transferred the proceedings to the Court of Appeals because the Court of Appeals retained jurisdiction to consider the alien's claims by way of a petition for review. The Petitioner, for all the reasons stated above and in the habeas petition, is not eligible to file a petition for review. Thus, although the Respondent argues for transfer of these proceedings to the Court of Appeals, the Third Circuit in *Catney* states quite clearly that it has no jurisdiction to consider appeals of criminal aliens and a transfer would be inappropriate.

Further, inasmuch as the Third Circuit in *Sandoval v. Reno*, 166 F.3d 225(3rd Cir. 1999) has interpreted 8 USC section 1252(g) as being no barrier to the exercise of habeas jurisdiction by the district courts. Additionally, the Third Circuit in *Desousa v. Reno*, 190 F3d 175 (3rd. Cir. 1999) held 242(g) only stands as a barrier to "...suits challenging the government's selective enforcement of the immigration laws." Id at 182. The Circuit Court also held that: "The Supreme Court, however, explicitly rejected a broad interpretation of section 242(g) in American-Arab". Id   Further, in *Reno v. American-*

2

*Arab Committee*, 119 S.Ct. 936 (1999), the United States Supreme Court determined that 8 USC section 1252(g) is to be read narrowly and that it limits judicial review only in three discrete circumstances: the Attorney General's decisions related to commencing proceedings, to adjudicate cases or execute removal orders." None of those actions has been attacked by the Petitioner in these proceedings. Rather, the Petitioner asserts that he was denied due process at the hearing of his withholding and CAT claims before the Board. The mere fact that Petitioner's claim addresses and challenges *how* his removal proceedings were conducted does not represent an attack on the decision of the Attorney General to place him in removal proceedings, to adjudicate his case or to ultimately effectuate the Petitioner's removal from the United States. Accordingly, Respondent's challenge to this court's exercise of jurisdiction in these proceedings is without merit.

Constitutional Claims:

The Respondent mistakenly argues that since Petitioner has not asserted that his detention is unconstitutional, that he presents no constitutional claim that can be addressed by this court. The Petitioner can not argue that his detention at the Allenwood federal detention facility is unconstitutional because it is clear that he is being detained there pursuant to the terms of his criminal sentence. The criminal sentence and its required detention has no bearing on the constitutionality of the order of removal and denial of relief issued by the Board of Immigration Appeals. The fact that the Petitioner does not contest the constitutionality of his federal detention has no relevance to his constitutional claims regarding the immigration proceedings as Respondent alleges. If and when Petitioner's custody is transferred from the federal criminal authorities to the Immigration authorities, Petitioner would be able to add the custody challenge to these proceedings. Inasmuch as that has not yet happened, Peitioner can not raise that claim and the fact that the claim has not been raised should have no impact on the final resolution to this matter.

3

The US Supreme court has long held that aliens present in the United States pursuant to a lawful admission have heightened constitutional rights, including the right to due process. *Plyer v. Doe*, 457 US 202(1982) All challenges of agency decisions that raise the claim of legal error are subject to plenary review by federal courts. *INS v. Cardoza-Fonseca*, 480 US 421 (1987) Plenary revie is also appropriate where mixed questions of law and fact are presented for judicial review. *Blancada v. Turnage*, 891 F.2d 688 (9th Cir. 1989) Further, matters that are not subject to plenary review may be subject to alternative forms of review including review for abuse of discretion. *Wong Wing Hong v. INS*, 360 F.2d 715 (2nd Cir. 1966) Clearly, Petitioner's request that this court review the constitutionality of the decision issued by the Board of Immigration Appeals is supported by and permitted by law and is not, as claimed by the Respondent, "...no more than an attempt to have this Court give Allan another hearing in the hope that the District Court will reach a result he likes." [See, Respondent's Brief at page 4]

The Petitioner's constitutional challenge to the decision of the Board is based upon his assertion that the BIA ignored his claim that he will be subjected to persecution in Isreal due to his race, religion, nationality, social group and political opinion. Each of these grounds is a legitimate basis upon which to rest a withholding claim. [See, 8 CFR section 208.16(a)(1),(2)] Further, claims of fear of torture upon return to one's native country do not require a finding that the alien will be tortured for some reason, but rather that the torture will occur while in governmental custody by governmental officials or agents. [See, *Matter of S-V-*, Int. Dec. # 3430 (BIA, May, 2000)]

The Board failed to address, in any meaningful way, any of the grounds upon which Respondent's claims were based, thus, its determination that the individual events that happend to the Petitoner did not amount to persecution were made in a vaccum. Similarly, its determination that: "(t)here is no indication in this record that such an incident will occur again, consequently, we see no evidence that the Respondent is more

4

likely than not going to face either persecution or torture if removed to Isreal" [See, order of BIA at page 2], is questionable. Rather it merely states, categorically, that the claim has no merit. Federal courts have determined that an agency abuses its discretion where it falis to make a careful and individualized determination of his claims. *Stankovic v. INS*, 94 F.3d 1117 (7th Cir. 1996) An abuse of discretion also occurs where an agency fails to articulate its reasons for its decision. *Rodriquez-Matamoros v. INS*, 86 F.ed 158, 161 (9th Cir. 1993) Similarly, an agency abuses its discretion where it, unreasonably, departs from prior precedent, departs from its own regulations, fails to consider all relevant factors or considers irrelevant factors. *Urbina-Osejo v. INS*, 124 F.3d 1314 (9th Cir. 1997)

The Petitoner is a Palestinian who fears return to an area that is under the control of foreign forces and an area which the US State Department has indicated has ethnically motivated violence. The BIA has stated no reason, connected to any of the grounds upon which the Petitioner's withholding and CAT claims were based, why Petitioner's fear is unreasonable.

The immigration judge, in his decision, indicates that the Petitoner feared return to Isreal because: "...if he is ordered to return to Palestine, the West bank of Isreal, he will be subjected to the violence of the Israeli soldiers because he is of the age, health, and mind of those men of his homeland who oppose Israeli occupation." [See, Decision of the immigration judge at page 5] Although Petitioner clearly stated a claim based on race, religion, social group and imputed political opinion, neither the immigration judge nor the BIA presented any discussion as to why Petitioner's asserted claims are not sufficient for favorable consideration of Petitoner's claim. Neither the BIA nor the immigration judge made a finding that Petitoner was not who he claimed to be or that Palestinian individuals suffer no persecution or torture. In fact, the Immigration Judge notes in his decision that on one occasion when Petitoner was stopped by Israeli soldiers they commented that the reason that he wanted to study martial arts was to fight the Jews. The immigration judge

5

then notes that following that comment the Petitioner was kicked by several soldiers who were wearing boots and that the attack "gashed open" Petitioner's skin on his leg. Id

The immigration judge also notes that Petitoner was stopped by Isreali soldiers on a day where some Palestinians had stoned the car of an Isreali. Petitioner did not know who did it and the soldiers began to shoot the ground in front of Petitioner's feet. [See, decision of the immigration judge at page 6] These two incidents alone suggest racial, religious, ethnic and imputed politcal motivation on the part of the soldiers.

The determination of the BIA and the immigration judge that the incidents do not amount to persecution are insufficient. The law does not define persecution as requiring death or severe physical injury. In fact, the definition of persecution is based on the motive of the persecutor to harm the victim, not on the actual extent of injury to the victim. Persecution has been defined as the "*threat* to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosts*, 19 I & N Dec. 211 (BIA 1985) (emphasis added) Further, there is no requirment that the harm be physical, but may take other forms where there is a deliberate attempt to harm or threaten one viewed as different. *Abdel-Masieh v. INS*, 73 F.3d 579 (5th Cir. 1996) Additionally, where there is proof that government officials discriminate or harass a group to which the individual seeking protection belongs, that is always relevant to a persecution claim.

With respect to Petitioner's fear of persecution in the future, the immigration judge noted that arbitrary arrests are common in Isreal, but fails to note why Petitioner should not fear arbitrary arrest and beatings if returned to Isreal or why Petitioner would not be subjected to such treatment. The BIA failed to address that issue at all despite the fact that it is relevant to whether the Petitioner has a well founded fear of return or will be subjected to detention and torture.

6

Both the immigration judge and Board used improper standards when evaluating the Petitioner's withholding and CAT claims and failed to analyze the available evidence appropriately.

Inasmuch as the BIA abused its discretion in adjudicating Petitoner's withholding and CAT claims, it has denied Petitioner of his right to due process and Petitoner's habeas corpus action should be GRANTED.

Respectfully,

Sandra Greene, Esquire

Certificate Of Service

I hereby certify that I caused to be served upon the US Attorney a true and correct copy of this document by hand delivery on September 14, 2000 at 228 Walnut Street, 2nd Floor, Harrisburg, PA 17108.

Respectfully,

Sandra Greene, Esquire

7