2 TO CT

# ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG
APR 0 6 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

| | |
|---|---|
| Osama Allan, <br> Petitioner <br> <br> vs. <br> <br> Janet Reno, US Attorney General <br> Respondent | Case No. 1:CV-00-1460 <br> PETITIONERS' EMERGENCY <br> MOTION FOR STAY OF REMOVAL & <br> TEMPORARY RESTRAINING ORDER <br> AND/OR PRELIMINARY INJUNCTION |

Petitioner, Osama Allan, by and through Counsel, Sandra Greene, Esquire, hereby moves this court to grant the instant motion to stay removal and temporary restraining order/preliminary injunction. In support there of, Petitioner states as follows:

1. The instant action relates to Petitioner's petition for habeas corpus filed in this court in August, 2000.

2. No decision has been rendered in the habeas action to date.

3. Counsel has been notified by Petitioner's family that that the Respondent informed Petitioner that it has begun to effectuate Petitioner's immediate removal from the United States and that Petitioner is scheduled to be removed today, April 6, 2001.

4. Petitioner will suffer irreparable harm, should he be removed from the United States before this court adjudicates his due process claim pending in the habeas action.

5. Petitioner asserts that the Respondent denied him due process of law when it rejected his request for protection from torture and persecution in Israel and/or Palestine.

6. If Petitioner is removed from the United States prior to adjudication of the habeas action, Petitioner faces the risk of persecution and torture and will be left with no remedies.

7. The Respondent is obligated, under US statute (Immigration and Nationality Act sections 240, and 208) and regulation ( 8 CFR sections 208 and 240) to conduct hearings on Petitioner's request for protection from torture and persecution that accord due process. Respondent is also obligated to offer those protections under international law and treaty (Geneva Convention and Protocol on Status of Refugees) Further, Petitioner asserts that his immigration proceedings did not offer the due process guarantees required under the US constitution.

8. Petitoner is likely to prevail on the merits of the underlying habeas action as Respondent's arguments in opposition to the habeas action are without merit and have been rejected by the US Court of Appeals repeatedly. (See, *Steele v. Blackman*, No. 00-3116 (3rd Cir., January 2, 2001)

9. WHEREFORE, Petitoner requests that the instant motion be GRANTED.

Sincerely,

*[signature]*

Sandra Greene, Esquire
140 Roosevelt Ave., #202
York, PA  17404
717-812-9080
717-843-0417 (FAX)