# ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Osama Allan
    Petitioner,

vs

John Ashcroft, US Attorney General,
    Respondent

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

No. 1:-CV-00-1460
(Judge Kane)

FILED
HARRISBURG, PA

SEP 21 2001

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

Petitoner's Reply To Order To Show Cause

    Petitioner, Osama Allan, by and through Counsel, Sandra Greene, Esquire, hereby submits this reply to the order to show cause issued by the court on September 6, 2001. In support thereof, Petitioner states as follows in support of his assertion that his removal from the United States has not mooted his constitutional claims pending before this court:

Jurisdiction

    Respondent has, in earlier proceedings in this case, contended that this court does not have jurisdiction to consider Petitioner's petition for habeas corpus. On remand, the Court of Appeals directed this court to consider Petitioner's claims asserted in these proceedings as a habeas action. It is well settled in this judicial circuit that aliens with criminal convictions may only seek review of final orders of removal by way of habeas proceedings in the District Courts. *Catney v. INS*, 178 F.3d 190 (3rd Cir. 1999). In *Catney,* the Court of Appeals held: "We retain jurisdiction to adjudicate statutory or constitutional claims such as those raised by Catney, as well as to refiew denials of relief from deportation , in the case of most aliens other than criminal aliens... However, ...we no longer have jurisdiction to review a denial of descretionary relief to a criminal alien such as Catney...we conclude that ***any challenge by a criminal alien to the BIA's***

1

***interpretation of the immigration laws or to the constitutionallity of these laws must be made through a habeas petition.*** Id at 195. (Empahsis added) That view was upheld by the US Supreme Court in *INS v. St. Cyr*, -- US -- (2001). In *St. Cyr,* the Supreme Court held: "...we conclude that habeas jurisdiction under 2241 was not repealed by AEDPA and IIRIRA.

Respondent is a criminal alien. The Respondent was placed into removal proceedings precisely because he was alleged to have been convicted of a criminal offense that renders him deportable. Both the immigration judge and the Board of Immigration Appeals sustained the removal charges brought against the Petitioner by the Respondent. Inasmuch as the Petitioner is a criminal alien who has been ordered removed and denied relief from removal on the basis of his criminal convictions, Petitioner may only proceed on his request for judicial review of his order of removal and the denial of relief from removal by way of the instant habeas petition.

The Petitioner asserts that he was denied due process at the hearing of his withholding and CAT claims before the Board. The mere fact that Petitioner's claim addresses and challenges *how* his removal proceedings were conducted does not represent an attack on the decision of the Attorney General to place him in removal proceedings, to adjudicate his case or to ultimately effectuate the Petitioner's removal from the United States. Accordingly, Petitioner's claims in these proceedings can not be found to be moot for lack of jurisdiction as this court clearly has jurisiction to adjudicate the claims raised therein.

Constitutional Claims:

The US Supreme court has long held that aliens present in the United States pursuant to a lawful admission have heightened constitutional rights, including the right to due process. *Plyer v. Doe*, 457 US 202(1982) All challenges of agency decisions that raise the claim of legal error are subject to plenary review by federal courts. *INS v.*

2

*Cardoza-Fonseca*, 480 US 421 (1987) Plenary review is also appropriate where mixed questions of law and fact are presented for judicial review. *Blancada v. Turnage*, 891 F.2d 688 (9th Cir. 1989) Further, matters that are not subject to plenary review may be subject to alternative forms of review including review for abuse of discretion. *Wong Wing Hong v. INS*, 360 F.2d 715 (2nd Cir. 1966) Clearly, Petitioner's request that this court review the constitutionality of the decision issued by the Board of Immigration Appeals is supported by and permitted by law . The US Court of Appeals sustained Petitioner's assertion that the claims that were presented to this court were constitutional in nature and adjudicable under 28 USC section 2241 rather than a challenge under 8 USC 1252(g).

The Petitioner's constitutional challenge presented to this court is that he was denied due process in the administrative proceedings in that the BIA ignored his claim that he will be subjected to persecution in Isreal due to his race, religion, nationality, social group and political opinion. Each of these grounds is a legitimate basis upon which to rest a withholding claim. [See, 8 CFR Section 208.16(a),(b)] Respondent's alternate claim of fear of torture upon return to his land of birth does not require a finding that the Respondent will be tortured for some specified or enumerated reason as is required in the asylum context, but rather that the torture will occur while the individual in question is in governmental custody and that it will occur at the hands of governmental officials or agents or at the government's acquiesence. [See, 8 CFR section 208.16(c)] Inasmuch as the claims presented by the Petitioner in these proceedings are of the nature properly adjudicated within the habeas context, the instant petiton can not be deemded to be moot upon that basis.

Petitioner's Removal From The United States:

28 USC section 2241 states no requirement that an alien who seeks relief under that provision of law remain in governmental custody throughout the conclusion of the

3

proceedings, rather, it permits a habeas petition to be filed by any person in custody in violation of the Constitution to file a habeas action ***without regard to any other filing deadline*** at the time that the petition was filed. Clearly, the individual's custody status factor important to the issue of whether the court has jurisdiction over the action. If the individual is in custody at the time the petition is filed, the petition jurisdiction exists and the petition does not become moot simply because the person is ultimately released from custody if the constitutional claim and injury are on going. This view was adopted by the US Supreme Court in *US v. Smith*, 331 US 469 (1947). In *Smith* the Supreme Court noted: "...habeas corpus provides a remedy for jurisdictional and constitutional errors at the trial" (emphasis added) Id at page 475.

This view is also supported by the recent decsion of the US Supreme Court in *INS v. St. Cyr*, --US -- which upheld the right of criminal aliens such as the Petitioner to seek redress for constitutional violations. In *St. Cyr*, the court stated: "If it were clear that the question of law could be answered in another judicial forum, it might be permissible to accept the INS reading of 1252. But the absence of such a forum...strongly counsels against adopting (such) a construction...) (See page 19 of 34). In footnote 38, the Court goes on to explain the cited passage and notes "...As to the question of timing and congruent means of review, we note that Congress could, without raising any constitutional questions, provide an adequate substitute through the courts of appeals. " Id

Clearly, criminal aliens do not have the right to seek review of an adverse decision in immigration proceedings by way of a petition for review. The Supreme Court has determined that if no avenue of review is available the alien must be permitted to seek review of constitutional claims in habeas proceedings. Thus, habeas actions are the "congruent" to petitions for review for criminal aliens and are not simply means by which aliens can challenge custody issues. Constitutional issues not directly related to custody may be raised by criminal aliens in habeas proceedings. Thus, unlike native born US

4

citizens who must be in governmental custody to seek habeas relief, criminal aliens do not have to be in custody in order to obtain relief.

That this is true is shown in two ways. First, habeas actions for criminal aliens and petitions for review for non-criminal aliens are, as stated by the Supreme Court, congruent  Once a non criminal alien has filed a petition for review, there is no requirement that the alien remain in the United States to prosecute that action. (See, *Max George v. Reno*, ___ F.3d ___(5th Cir. 2000). Similarly, once a criminal alien has filed a habeas action the can not be no requirement that his departure moots the action because to so find would raise equal protection challenges.

Second, federal courts have long held that deportation does not moot an appeal in federal court due to the continuing consequences for the person deported. *[See, Max George v. Reno*, Id.; *Ukranian Bar Association, Inc. v. Baker*, 893 F.2d 1374 (DC Cir. 1990); *Umanzor v. Lambert*, 782 F.2d 1299 (5th Cir. 1986)]  Further, federal courts generally seek to avoid a finding of mootness. *Max George v. Reno* (supra).

Most importantly, however, in these proceedings, this matter was remanded due to the application of the wrong legal analysis to the Respondent's claims when this matter was first before this court. Equity demands that this matter not be deemed moot because to do so would permit the Petitoner's constitutional claims to be circumvented by his removal. Taken to its logical conclusion, the determination that habeas actions for criminal aliens are moot upon deportation would result in the situation in which the Respondent would never have to mount a genuine challenge to any habeas action because it could simply have the person deported before the claim was adjudicated. Certainly, such a result would be contrary to the very purpose of habeas actions

In this matter the Petitioner continues to assert that his life and liberty are in jeopardy and that he is subject to persecution on account of his race, religion, social group and political opinion. The Petitoner's claims are every bit as viable today as they were

5

when he filed the claim and when he was deported. Accordingly, no finding of mootness should be made in these proceedings.

WHEREFORE, Petitioner respectfully requests that his constitutional claims be fully adjudicated and that this action not be deemed moot.

Sincerely,

Sandra Greene, Esquire

Certificate Of Service

I hereby certify that I caused to be served upon Larry Selkowitz, Assistant US Attorney, a true and correct copy of this document by hand delivery at 218 Walnut Street, 2nd Floor, Harrisburg, PA 17108 on September 21, 2001.

Sincerely,

Sandra Greene, Esquire

6