UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OSAMA ALLAN, | : |
| Petitioner | : NO. 1:CV-00-1460 |
| v. | : (Judge Kane) |
| IMMIGRATION and NATURALIZATION SERVICE, et al., | : |
| Respondents | : |

FILED
HARRISBURG

FEB 13 2002

MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

**RESPONSE TO ORDER TO SHOW CAUSE**

**Introduction**

Osama Allan, a native and citizen of Israel, filed his Petition for Writ of Habeas Corpus ("petition") on August 14, 2000. In his petition, Mr. Allan challenges the denial of his applications for asylum and withholding or deferral of removal. On August 16, 2000, the Court issued an Order to Show Cause, directing the Immigration and Naturalization Service ("INS"), et al., to file a response. On August 30, 2000, Respondents filed a response complying with the Court's Order. On April 9, 2001, The case was transferred to the Third Circuit Court of Appeals. On September 4, 2001, the case was remanded to the District Court. On September 6, 2001, the court directed petitioner to show cause why the petition should not be dismissed as moot. In responses to this order, both parties agreed that the issue was not moot. On January 29, 2002, the Court directed respondent to file an

additional brief addressing the merits of the habeas petition. This brief is filed in accordance with the Court's Order.

### Factual Background

Petitioner is Osama Allan, a native of Israel. Allan has been removed from the United States as an alien convicted of an aggravated felony after admission under § 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii). With such status, Allan was disqualified from seeking asylum. However, the Immigration Judge also considered him for a withholding of removal pursuant to § 241(b)(3) of the Act (8 U.S.C. § 1231(b)(3)). Nevertheless, the Immigration Judge denied the application, finding that Allan had not met the test set forth in the statute.

Allan appealed this denial to the Board of Immigration Appeals which affirmed the decision of the Immigration Judge and also rejected Allan's claim that he was entitled to deferral of removal pursuant to Article 3 of the Convention Against Torture. See, 8 C.F.R. § 208.16(c)(4). This habeas corpus petition followed.

Allan's petition also contained a request for preliminary injunctive relief and for a temporary restraining order. The Court denied that request.

**Question Presented**

Has petitioner made a showing sufficient to support any types of relief from deportation?

Suggested answer: No

**Argument**

1. **Petitioner is not entitled to any relief from this Court.**

Petitioner sought relief from deportation through withholding of removal or under the Convention Against Torture. He claims that he presented a fear of persecution before the Immigration Judge. He argues that his due process rights were denied when the BIA failed to meaningfully address and actually consider all relevant factors raised in the claim and considered the facts in a vacuum.

CAT specifically precludes this Court's exercise of jurisdiction over Mr. Allan's CAT claim. Congress adopted the Convention Against Torture through the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), Pub. L. No. 105-277, 112 Stat. 2681-822. FARRA contains the following provision:

> (d) Review and construction. - Notwithstanding any other provision of law, and except as provided in the regulations described in subsection (b), no court shall have jurisdiction to review the regulations adopted to implement this section, and nothing in this section shall be construed as providing any court jurisdiction to consider or review claims raised under the Convention or this section, or any other determination made with respect to the application of the policy set forth in subsection (a), except as part of the review of a final order of removal pursuant to section 242 of the Immigration and Nationality Act (8 U.S.C. §1252).

3

Id., §2242(d).

The CAT is a non-self executing treaty.[1] As such, it creates no jurisdiction in any federal court to hear an individual's claim for protection under the treaty. See Head Money Cases, 112 U.S. 580, 598-99 (1884); Z&F Assets Realization Corp. v. Hull, 114 F.2d 464, 470-71 (D.C. Cir. 1940), aff'd on other grounds, 311 U.S. 470, 489 (1941); see also Haitian Refugee Center, Inc., v. Baker, 949 F.2d 1109, 1110 (11th Cir. 1991) (per curiam). As a result, unless Congress has expressly granted jurisdiction to the federal courts, in its legislation authorizing implementation of the terms of the treaty or elsewhere, no jurisdiction exists in any federal court to hear an individual's claim for protection under the treaty. See Diakite v. INS, 179 F.3d 553, 554 (7th Cir. 1999)(holding that neither the CAT nor FARRA is a grant of federal court jurisdiction for an alien in deportation proceedings who is seeking protection under the CAT); Barapind v. Reno, 72 F.Supp.2d 1132, 1149 (E.D.Cal. 1999)("Congress has not granted jurisdiction to federal courts to hear claims involving the Torture Convention's protective provisions.")

---

[1] See S. Treaty Doc. No. 100-20 (1988) (reservations and declaration of the United States Senate in ratifying the Torture Convention: "The Senate's advice and consent is subject to the following declarations: (1) That the United States declares that the provisions of Articles 1 through 16 of the Convention are not self-executing."); see also 136 Cong. Rec. S17486-01, 1990 WL 168442 (daily ed. Oct. 27, 1990).

4

Section 2242(d) of FARRA, set forth in its entirety above, provides for federal court jurisdiction only "as part of the review of a final order of removal pursuant to section 242" of the INA. Section 242 of the INA, 8 U.S.C. §1252, is the provision limiting jurisdiction to review final orders of deportation to the circuit courts of appeals. In other words, while courts of appeals may have jurisdiction to review the merits of decisions on applications for CAT protection, through review of final orders of deportation, district courts do not have jurisdiction to hear or review applications for protection under the Torture Convention.

Finally, respondent would note that if petitioner had a legitimate claim for asylum or withholding removal, or under the CAT, he could have petitioned to reopen proceedings before the Immigration Judge. Section 3.23 of the regulations provides, in pertinent part:

> (b) *Before the Immigration Court* - (1) *In general.* An Immigration Judge may upon his or her own motion at any time, or upon motion of the Service or the alien, reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals. Subject to the exceptions in this paragraph and paragraph (b)(4), a party may file only one motion to reconsider and one motion to reopen proceedings. A motion to reconsider must be filed within 30 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before July 31, 1996, whichever is later. A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later.

5

\* \* \* \*

    (4) *Exceptions to filing deadlines* - (i) *Asylum and withholding of removal*. The time and numerical limitations set forth in paragraph (b)(1) of this section shall not apply if the basis of the motion is to apply for asylum under section 208 of the Act or withholding of removal under section 241(b)(3) of the Act or withholding of removal under the Convention Against Torture, and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding. The filing of a motion to reopen under this section shall not automatically stay the removal of the alien. However, the alien may request a stay and, if granted by the Immigration Judge, the alien shall not be removed pending disposition of the motion by the Immigration Judge.

8 C.F.R. §3.23(b).

Petitioner claims that his due process rights were violated because the BIA did not give meaningful consideration to the facts presented. This argument is nothing more than an attempt to frame a straightforward challenge to the agency's factual findings as a constitutional claim. Petitioner has pointed to no unfairness or irregularity in the procedures applied by the IJ and the BIA. The IJ's decision and the BIA's decision both set forth the basis for their findings. The BIA explained:

> . . . we find that although the respondent's testimony is credible he has failed to demonstrate that he faces persecution in Israel. In 1987 the respondent was detained by Israeli soldiers while traveling to a martial arts class (Tr. at 50). The respondent testified that these soldiers kicked him in the shin (Tr. at 51) We find that this incident does not rise to the level of persecution. The

6

respondent also testified that in 1988, after a clash between police and villagers, he was detained, strip searched, and beaten. The respondent also indicated that the police shot at his feet (Tr. 52-53). Coming on the heals of a physical altercation between the police and villagers, we find no evidence that this incident was motivated by a statutorily protected ground. <u>See Matter of S-P, 21 I&N Dec. 486 (BIA 1996)</u>. There is no indication in this record that such an event will occur again, consequently, we see no evidence that the respondent is more likely than not going to face either persecution or torture if removed to Israel. (See Attached)

Petitioner has presented no evidence to support his argument that his constitutional rights were violated; nor has he presented any evidence or legal argument indicating that the agency's decision was substantially incorrect. Accordingly, Mr. Allan's Petition should be dismissed because the Court lacks subject matter jurisdiction to review a claim under the CAT; because even if the Court had such jurisdiction, petitioner has not submitted evidence to sustain his CAT claim; and because petitioner received due process.

7

## Conclusion

For the foregoing reasons, Respondent respectfully requests that this Court deny Petitioner' Petition for Writ of Habeas Corpus.

        Respectfully submitted,

        MARTIN C. CARLSON
        United States Attorney

        */s/ Mary Catherine Frye*
        MARY CATHERINE FRYE
        Assistant U.S. Attorney

        NATHANAEL J. BYERLY
        Paralegal Specialist
        228 Walnut Street
        Harrisburg, PA 17110
        (717) 221-4482

        Attorneys for Respondent

Dated: February 13, 2002

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A42 516 624 - WhiteDeer

Date: MAR 30 2000

In re: OSAMA ALLAN a.k.a. Osama Mahmoud Allan

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Pro se

CHARGE:

Notice: Sec. 237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
Convicted of aggravated felony

APPLICATION: Withholding of removal; torture convention

ORDER:

PER CURIAM. The respondent timely appeals the Immigration Judge's decision denying his claim for withholding of removal under section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3). The respondent also maintains on appeal that he his entitled to deferral of removal pursuant to Article 3 of the Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted and opened for signature Dec. 10, 1984, G.A. res. 39/46, annex, 39 U.N. GAOR Supp. (No. 51) at 197, U.N. Doc. A/39/51 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) (hereinafter "Torture Convention"). The respondent's appeal is dismissed. The respondent's request for a fee waiver is granted.

The record reflects that the respondent, a native of Israel, is stateless. On May 21, 1997, the respondent was convicted of conspiracy, copyright infringement, trafficking in counterfeit labels, money laundering, and aiding and abetting pursuant to 18 U.S.C. §§ 371, 2319(b)(1), 2318(a)(c)(3), 1956(h), 1956(1) and 2. As a result of the respondent's 1997 federal convictions the Immigration and Naturalization Service charged him with deportability as an alien convicted of an aggravated felony after admission under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii).

At a hearing before the Immigration Judge the respondent expressed a fear of being returned to Israel (Tr. at 30). The Immigration Judge, however, correctly noted that the respondent is deportable as an alien convicted of an aggravated felony after admission. The Immigration Judge, therefore, held that pursuant to section 208(b)(2)(B)(i) of the Act, 8 U.S.C. § 1158(b)(2)(B)(i),

A42 516 624

the respondent was statutorily ineligible to apply for asylum. See Matter of L-S-, Interim Decision 3386 (BIA 1999). Noting that the respondent was sentenced to less than 5 years for his aggravated felony convictions the Immigration Judge considered other restrictions to removal such as withholding of removal pursuant to section 241(b)(3) of the Act. The Immigration Judge, nevertheless, denied the respondent's applications, holding that he had not suffered past persecution and had failed to demonstrate that it was more likely than not that his life or freedom would be threatened in Israel on account of his race, religion, nationality, membership in a particular social group, or political opinion. See Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998).

On appeal the respondent argues that the Immigration Judge erred in denying his application for withholding of removal. We note that the respondent does not contest the Immigration Judge's finding that he is deportable as an aggravated felony after admission. Instead, the respondent asserts that the Immigration Judge erred in not withholding or deferring his removal pursuant to either section 241(b)(3) of the Act or Article 3 of the Torture Convention. The respondent maintains that he will more likely than not face persecution by members of the Israeli military if removed. The respondent, therefore, seeks either withholding or deferral of removal from Israel, Palestine, and Jordan.

We accord deference to the Immigration Judge's favorable credibility finding (I. J. at 6). See Matter of A-S-, 21 I&N Dec. 1106 (BIA 1998). Like the Immigration Judge, however, [we find that although the respondent's testimony is credible he has failed to demonstrate that he faces persecution in Israel. In 1987 the respondent was detained by Israeli soldiers while traveling to a martial arts class (Tr. at 50). The respondent testified that these soldiers kicked him in the shin (Tr. at 51). We find that this incident does not rise to the level of persecution. The respondent also testified that in 1988, after a clash between police and villagers, he was detained, strip searched, and beaten. The respondent also indicated that the police shot at his feet (Tr. at 52-53). Coming on the heels of a physical altercation between the police and villagers, we find no evidence that this incident was motivated by a statutorily protected ground. See Matter of S-P-, 21 I&N Dec. 486 (BIA 1996). There is no indication in this record that such an incident will occur again, consequently, we see no evidence that the respondent is more likely than not going to face either persecution or torture if removed to Israel.]

On this record we affirm the Immigration Judge's decision finding the respondent ineligible for withholding of removal pursuant to section 241(b)(3) of the Act. We, likewise, reject the respondent's assertions that he is entitled to deferral of removal pursuant to Article 3 of the Torture Convention. See 8 C.F.R. § 208.16(c)(4).

Accordingly the respondent's appeal is dismissed.

FOR THE BOARD

2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

OSAMA ALLAN, :
:
      Petitioner : NO. 1:CV-00-1460
:
  v. : (Judge Kane)
:
IMMIGRATION and :
NATURALIZATION SERVICE, :
et al., :
:
      Respondents :

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

    That on this 13th day of February, 2002, he served a copy of the attached

**RESPONSE TO ORDER TO SHOW CAUSE**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:
Sandra L. Green, Esquire
1541 East Market St. #201
York, PA 17403

                              */s/ Nathanael J. Byerly*
                              NATHANAEL J. BYERLY
                              Paralegal Specialist
                              United States Attorney's Office