UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Osama Allan
    Petitioner,

vs

Immigration and Naturalization Service, et al.,
    Respondent

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

No. 1:-CV-00-1460
(Judge Kane)



FILED
FEB 25 2002
PER_____
HARRISBURG, PA  DEPUTY CLE

### Petitioner's Reply Brief

Petitioner, Osama Allan, by and through Counsel, Sandra Greene, Esquire, hereby submits this reply brief in response to Respondent's reply to the order to show cause issued by the court on or about January 29, 2002. In response to the Respondent's submission, Petitioner states as follows:

Respondent's assertion that the Petitioner is not entitled to any relief from this court is without merit.

Although the Respondent states that: "CAT specifically precludes this court's exercise of jurisdiction over Mr. Allan's CAT claim" and cites subparagraph (d) of the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA), the very provision quoted contradicts the Respondent's assertions regarding the merits of the Petitioner's action.

First, Petitioner has not asked this court to review the regulations adopted to implement the CAT provisions. Second, the Petitioner has not asked this court to make an independent assessment of his CAT claim. Rather, the Petitioner has asked this court to review whether the Board of Immigration Appeals violated his constitutional right to due process when it adjudicated his CAT and withholding claims. That this court has the jurisdiction and authority to adjudicate Petitioner's claims is clear.

1

The US Court of Appeals in *Immigration and Naturalization Service v. St. Cyr*, -- US -- (2001) finding that District Courts continue to have jurisdiction to adjudicate constitutional claims under 28 USC section 2241. Moreover, prior to the *St. Cyr* decision, the Court of Appeals for the Third Circuit had already determined that actions such as the instant action could be adjudicated in the District Courts.

In *Catney v. INS*, 178 F.3d 190 (3rd Cir. 1999), the Court of Appeals held: "We retain jurisdiction to adjudicate statutory or constitutional claims such as those raised by Catney, as well as to review denials of relief from deportation , in the case of most aliens other than criminal aliens... However, ...we no longer have jurisdiction to review a denial of discretionary relief to a criminal alien such as Catney...we conclude that <u>**any challenge by a criminal alien to the BIA's interpretation of the immigration laws or to the constitutionality of these laws must be made through a habeas petition.**</u> Id at 195. (Emphasis added)

Third, the final clause of the very provision of law cited by the Respondent on page 3 of its brief states clearly that judicial review is permitted where the court is reviewing a final order of removal pursuant to INA section 242. INA 242(b)(9) authorizes this court's adjudication of the Petitioner's constitutional claims. Review of the Petitioner's claims is not otherwise barred by INA 242. The US Court of Appeals for the Third Circuit, in *Sandoval v. Reno*, 166 F.3d 225(3rd Cir. 1999), interpreted 8 USC section 1252(g) as being no barrier to the exercise of habeas jurisdiction by the district courts. Additionally, the Third Circuit in *Desousa v. Reno*, 190 F3d 175 (3rd. Cir. 1999) held 242(g) only stands as a barrier to "...suits challenging the government's selective enforcement of the immigration laws." Id at 182. The Circuit Court also determined that: "The Supreme Court, however, explicitly rejected a broad interpretation of section 242(g) in American-Arab". Id   Further, in *Reno v. American- Arab Committee*, 119 S.Ct. 936

2

(1999), the United States Supreme Court determined that 8 USC section 1252(g) is to be read narrowly and that it limits judicial review only in three discrete circumstances: the Attorney General's decisions related to commencing proceedings, to adjudicate cases or execute removal orders."

None of those actions has been attacked by the Petitioner in these proceedings. Rather, the Petitioner asserts that he was denied due process in the adjudication of his withholding and CAT claims before the Board. The mere fact that Petitioner's claim addresses and challenges *the process afforded him* in the adjudication of his withholding and CAT claims does not represent an attack on the decision of the Attorney General to place him in removal proceedings, to adjudicate his case or to ultimately effectuate the Petitioner's removal from the United States.

The US Supreme court has long held that aliens present in the United States pursuant to a lawful admission have heightened constitutional rights, including the right to due process. *Plyer v. Doe*, 457 US 202(1982). Clearly, Petitioner's request that this court review the constitutionality of the decision issued by the Board of Immigration Appeals is supported by and permitted by law and is not, as claimed by the Respondent, "...nothing more than an attempt to frame a straightforward challenge to the agency's factual findings as a constitutional claim." [See, Respondent's Brief at page 6]

The Petitioner's constitutional challenge to the decision of the Board is based upon his assertion that the BIA ignored material, relevant and substantive portions of his withholding and CAT claims. Thus, the Respondent's assertion that the Petitioner has pointed to no unfairness or irregularity is unsupported by the record. Moreover, the fact that the Board issued a decision and provided some explanation regarding its findings does not require an automatic determination by this court that the process afforded to the Petitioner by the Board was sufficient to meet its constitutional obligations to him.

3

Moreover, again, Petitioner did submit evidence sufficient to support his constitutional challenge and Respondent's assertions to the contrary are not supported by the record.

Accordingly, Petitioner's constitutional claims should be adjudicated fully by this court.

Sincerely,

Sandra Greene, Esquire

I hereby certify that I caused to be served upon Mary Catherine Frye, a true and correct copy of this document by hand delivery on February 25, 2002 at 208 Walnut Street, 2nd Floor, Harrisburg, PA  17108.

Sincerely,

Sandra Greene, Esquire

4