IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OSAMA ALLAN,
    Petitioner,

v.

JOHN ASHCROFT,
U.S. Attorney General, et al.,
    Respondents.

CIVIL ACTION NO. 1:CV-00-1460

(Judge Kane)

FILED
HARRISBURG

SEP 1 2 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## MEMORANDUM AND ORDER

Petitioner Osama Allan's petition of a writ of habeas corpus is presently before this Court under two separate mandates from the Third Circuit Court of Appeals. The first, filed September 4, 2001, was issued in Petitioner's direct appeal brought pursuant to 8 U.S.C. § 1252(g) to the Third Circuit from the decision of the Board of Immigration Appeals ("BIA"). App. Ct. Docket No. 01-1909. The Third Circuit remanded the appeal to this Court with directions to treat the case as a habeas petition under 28 U.S.C. § 2241.

Before receiving this direction from the Third Circuit, this Court, with the consent of the parties, transferred the habeas petition pending here to the Third Circuit on April 9, 2001. App. Ct. Docket No. 01-2495. In so doing, this Court viewed Allan's claim as a direct appeal pursuant to 8 U.S.C. § 1252(g). On June 14, 2002, the Third Circuit noted a jurisdictional defect in the transfer, in that this Court mistakenly failed to close the file. The Third Circuit dismissed the appeal for lack of appellate jurisdiction.

At this juncture, it is clear that this Court properly maintains jurisdiction over Petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Therefore, the Court issues the following memorandum and opinion. For the reasons that follow, the Court will deny the

petition.

I    **Background**

Petitioner, Osama Allan ("Allan"), is an Arab Palestinian with Israeli citizenship who has resided in the United States since 1991. On May 21, 1997, Allan was convicted of conspiracy, copyright infringement, trafficking in counterfeit labels, money laundering, and aiding and abetting. BIA Op. at 1. As a result of these convictions the Attorney General instituted deportation proceedings and an Immigration Judge ("IJ") found Allan deportable under 8 U.S.C. § 1227(a)(2)(A)(iii).[1] Allan petitioned the IJ for withholding of removal under 8 U.S.C. § 1232(b)(3), asserting that his life or freedom would be threatened in Israel because he is an Arab Palestinian. The IJ denied Allan's application for withholding of removal.

Allan appealed this decision to the BIA. The BIA affirmed the decision of the IJ with respect to Alan's application for withholding of removal. In addition, the BIA considered and rejected Allan's added claim that he was entitled to deferral of removal pursuant to Article 3 of the Convention Against Torture ("CAT"), see 8 C.F.R. § 208.16(c)(4). BIA Op. at 2. Subsequently, Allan appealed the BIA decision directly to the Third Circuit, and filed a habeas petition with this Court. As described above, both actions have been remanded to this Court and are ripe for action. During the pendency of these petitions, on April 6, 2001, Allan was removed from the United States.

II   **Jurisdiction**

This court exercises jurisdiction pursuant to 28 U.S.C. § 2241. "It is now well-

---

[1] "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii).

2

established that district courts retain jurisdiction to hear habeas petitions filed by aliens subject to deportation for having committed certain criminal offenses." Chmakov v. Blackman, 266 F.3d 210, 213 (3d Cir. 2001). See Zadvydas v. Davis, 533 U.S. 678, 687 (2001). Further, the requirement that the petitioner be held in custody within the jurisdiction of the court only applies to the moment the petition is filed and is not a continuing requirement. Carafas v. LaVallee, 391 U.S. 234, 238 (1968); Chong v. I.N.S., 264 F.3d 378, 382-83 (3d Cir. 2001). Allan was housed at the Allenwood Correctional Facility at the time his petition was filed and, therefore, he meets this jurisdictional requirement despite his removal from the United States.

Deportation does not render an issue moot if the alien remains subject to collateral consequences linked to the issue challenged in the petition. Chong, 264 F.3d at 384. "Thus, [the petitioner] must show that [he] has suffered, or is threatened with, an actual injury traceable to the INS that is likely to be redressed by a favorable decision." Id. Since Allan has been deported, it is too late to withhold or defer removal. See id. at 385-86. However, there remains a collateral consequence of Allan's removal. Under current law, an alien who has been ordered removed may not be admitted to the United States for ten years. 8 U.S.C. § 1182(a)(9)(A)(ii). The Court maintains jurisdiction to consider whether this bar to reentry should be lifted. Therefore, the Court will now address the merits of Allan's habeas petition.

### III    The Merits of Allan's Petition

On habeas review, this Court may consider whether Allan was in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). However, so long as the Attorney General and the reviewing administrative bodies do not abuse their discretion in violation of the law, this Court cannot reverse their discretionary decisions. I.N.S.

3

v. St. Cyr, 533 U.S. 289, 298 (2001). Instead, this Court turns to Allan's arguments that the BIA violated his constitutional right to due process when it ignored material, relevant, and substantive portions of his claims for discretionary withholding of removal pursuant to 8 U.S.C. § 1231(b)(3) and delay of removal pursuant to the CAT. When in front of the BIA, Allan asked the BIA to review whether he was eligible for discretionary withholding, which is available where an individual is removable but fears persecution on account of a particular group membership. 8 U.S.C. § 1231(b)(3). Allan also requested that the BIA consider his claim, not raised before the IJ, that he could not be deported under the Convention Against Torture ("CAT"), which applies where torture is feared regardless of the motivation of the torturer. 8 C.F.R. § 208.16(c)(4).

Allan claims that the BIA (1) failed to adequately consider his assertion that he feared persecution and/or torture in the future and instead focused only on his past experiences, (2) ignored a Report of Human Rights from the U.S. Department of State and, therefore, considered the facts in a vacuum, (3) focused on the extent of his past harm rather than the cause of that harm, and (4) failed to provide independent reasoning for the denial of his CAT claim. Pet. at 6-8. Due process requires that an alien in deportation/removal proceedings be entitled (a) to a BIA decision that is based on a record that is disclosed to the petitioner, (b) to make arguments on his own behalf, and (c) to receive an individualized determination of his case. Chong, 264 F.3d at 386. A petitioner's rights to due process will not be violated if he received a live hearing before an IJ, the BIA reviewed the record of the proceedings, and the BIA allowed the petitioner to present additional evidence. Id. Allan was afforded all these basic opportunities.

Allan takes particular issue with the summary treatment the BIA gave his CAT claim in its written opinion. Following a discussion of Allan's claim for withholding, the BIA simply

4

stated: "We, likewise, reject the respondent's assertions that he is entitled to deferral of removal pursuant to Article 3 of the Torture Convention. See 8 C.F.R. § 208.16(c)(4)." BIA op. at 2. Such terse treatment does not spell out the precise reasons for the BIA's denial of Allan's CAT claims. Further, such conclusory statements, taken by themselves, are inadequate. Butros v. I.N.S., 804 F. Supp. 1336, 1339 (D. Or. 1991).

However, the BIA provided ample analysis of this and Petitioner's other claims. The BIA discussed at length whether Petitioner presented evidence that he faced torture or persecution, because of his membership in a group or otherwise. The BIA found that he did not. While these findings were made in the context of a discussion of Petitioner's eligibility for withholding of removal, they are equally applicable to Petitioner's CAT claim, and the BIA thus applied its findings. Therefore, while seemingly conclusory, the BIA's findings adequately supported its decision on Petitioner's CAT claim.

Petitioner's remaining claims focus on the weight given to evidence presented to the BIA. This Court cannot find that the BIA ignored the evidence presented by Petitioner. The weight given to evidence is discretionary. There Court here finds there was no abuse of discretion by the BIA. This Court finds that Allan has failed to state a claim that his constitutional rights were violated by the consideration of the evidence by the BIA. The IJ and the BIA considered the evidence before them and, as is their job, weighed the evidence and exercised discretion to grant or deny relief from deportation. Neither Allan's statutory nor constitutional rights were violated by this process. Therefore, the Court will deny Allan's petition.

**IV**     **Order**

       **AND NOW**, therefore, **IT IS ORDERED THAT** Petitioner's petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall close the file.

                                       _____
                                       Yvette Kane
                                       United States District Judge

Dated: ___11 Sept_____, 2002.